EXXON CORPORATION, a New Jersey Corporation, Plaintiff,

v.

Gabriel MIRO, a California resident, Defendant.

No. CV 82–3416 AAH (Tx).

United States District Court, C.D. California.

Jan. 14, 1983.

Final Judgment Jan. 19, 1983.

McCutchen, Black, Verleger & Shea by John M. Rochefort, Los Angeles, Cal., local counsel; Sue S. Rucker, Dallas, Tex., Texas Counsel, for plaintiff.

Charles Theodore Mathews, Los Angeles, Cal., Randy Katz, Anaheim, Cal., for defendant.

FINDINGS OF FACT AND CONCLUSIONS OF LAW

HAUK, Senior District Judge.

Having reviewed all papers and considered all arguments offered in support of

---

and in opposition to the parties' respective cross-motions for partial summary judgment, the Court hereby makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

1. In 1970, Exxon Corporation ("Exxon"), then known as Humble Oil & Refining Company, and Watson Land Company ("Watson") entered into an Option and Lease ("base lease") for a parcel of real property located at 22000 South Wilmington Avenue, Carson, California.

2. The base lease had an initial term of twenty (20) years from and after the effective date of commencement of rentals. Additionally, the base lease could run from year to year thereafter for a maximum of three (3) yearly periods, plus three (3) extended terms of five (5) years each. The initial twenty year period was to have terminated on February 21, 1991.

3. In 1980 Watson approached Exxon with a proposal to advance the termination date of the base lease in order that Watson could retake possession of the property and redevelop it for what Watson considered a higher and better use than as a service station.

4. In October 1981, Exxon and Watson preliminarily agreed that the early termination of the base lease would occur and the termination documents would become effective November 1, 1982.

5. On January 27, 1982, Exxon and Watson agreed that the proposed November 1, 1982, termination date would in fact become effective on that date.

6. In February 1971, Exxon and Miro entered a Retail Service Station Lease for the premises located at 22000 South Wilmington Avenue, Carson, California and a Sales Agreement, each having a term of one year.

7. Thereafter Exxon and Miro entered into successive leases and sales agreements each for a period of one year up to and including the lease and sales agreement entered into by the parties in 1978. In 1979 the parties entered into a Retail Service Station Lease and a Sales Agreement each of which had a three year term commencing June 9, 1979, and expiring June 9, 1982.

8. Exxon is a "franchisor," Miro is a "franchisee" and the 1979 Retail Service Station Lease and Sales Agreement constituted a "franchise" between them, all as defined by the Petroleum Marketing Practices Act, 15 U.S.C. §§ 2801 *et seq.*

9. The 1979 Retail Service Station Lease included the following paragraph no. 4:

"Lessee has been notified in writing prior to the commencement of the term of this lease (a) that Exxon is not the owner of the premises herein leased but holds the premises under a lease which expires on February 21, 1991, and (b) that such underlying lease might expire and not be renewed or extended beyond its expiration date. It is understood and agreed that this lease and the estate created hereby are subject to all of the terms, provisions and conditions of such underlying lease and that if such underlying lease (or any extension or renewal thereof) expires or is terminated for any reason prior to the end of the term of this lease and is not extended or renewed, then, and in that event, this lease shall terminate (without any liability on the part of Exxon) upon the date such underlying lease (or any extension or renewal thereof) expires or is terminated. Exxon shall be under no obligation to seek an extension or renewal of such underlying lease or to exercise any extension or renewal rights Exxon may have under such underlying lease. To the extent reasonably necessary to determine Exxon's rental obligation under such underlying lease, Lessee agrees to permit Exxon to inspect Lessee's business records."

10. In February 1982, Exxon offered to Miro a new Retail Service Station Lease and Sales Agreement to take effect upon expiration of the existing lease and sales agreement.

11. The proposed franchise was, in all respects material to this action, identical to the existing franchise except that paragraph 4 of the new Retail Service Station

Lease was changed to reflect the agreement between Exxon and Watson to advance the termination date of the base lease to November 1, 1982:

"Lessee has been notified in writing prior to the commencement of the term of this lease (a) that Exxon is not the owner of the premises herein leased but holds the premises under a lease which: (1) expires on November 1, 1982, and (2) may be cancelled by Exxon's Lessor upon n/a (days, months) notice to Exxon, and (3) might be extended to expire on n/a or n/a, and (b) that such underlying lease might expire and not be renewed or extended beyond its expiration date. It is understood and agreed that this lease and the estate created hereby are subject to all of the terms, provisions and conditions of such underlying lease and that if such underlying lease (or any extension or renewal thereof) expires or is terminated for any reason prior to the end of the term of this lease and is not extended or renewed, then, and in that event, this lease shall terminate (without any liability on the part of Exxon) upon the date such underlying lease (or any extension or renewal thereof) expires or is terminated. Exxon shall be under no obligation to seek an extension or renewal of such underlying lease or to exercise any extension or renewal rights Exxon has or may have under such underlying lease. To the extent reasonably necessary to determine Exxon's rental obligation under such underlying lease, Lessee agrees to permit Exxon to inspect Lessee's business records."

12. Miro did not agree to the foregoing change in the terms and conditions of paragraph 4 of the proposed Retail Service Station Lease and he refused to execute the proposed franchise documents because of the foregoing change in the base lease termination date set forth in paragraph 4.

13. On March 11, 1982, Exxon by certified mail, return receipt requested and by hand delivery, delivered to Miro written notification of non-renewal of Miro's lease and sales agreement effective upon expiration of the existing lease and sales agreement at 12 o'clock noon on the ninth day of June 1982. Exxon also mailed by certified mail, return receipt requested and hand delivered to Miro on March 11, 1982, a copy of the Summary of the Petroleum Marketing Practices Act as provided in 15 U.S.C. section 2804(d). Miro made a written acknowledgment of receipt of the notice and the Statutory Summary of the Act on March 11, 1982. The foregoing notice stated Exxon's intention not to renew its franchise relationship with Miro due to the failure of the parties to agree on changes or additions to the franchise resulting from determinations of Exxon as franchisor, made in good faith and in the normal course of business, and not made for the purpose of preventing the renewal of the franchise relationship. The notice also stated Exxon's intention to retake possession of the premises upon expiration of the existing Retail Service Station Lease at 12 o'clock noon, June 9, 1982.

14. On August 11, 1982, this Court entered an order pursuant to stipulation permitting Miro to remain in possession of the premises until 12 o'clock noon on October 31, 1982, at which time he relinquished possession to Exxon. This is exactly what would have transpired had Miro signed the new Retail Service Station Lease and Sales Agreement in February 1982.

15. On November 12, 1982, the parties entered into a written stipulation of material facts, therefore there are no genuine issues of material facts.

16. There is no liability on the part of Miro on Exxon's complaint, and there is no liability on the part of Exxon on Miro's cross-complaint.

17. To the extent that any finding of fact is deemed a conclusion of law, it is to that extent hereby made a conclusion of law.

## CONCLUSIONS OF LAW

1. This action was commenced and this Court's jurisdiction invoked pursuant to 15 U.S.C. sections 2801 et seq. and 28 U.S.C. section 1331.

2. The Petroleum Marketing Practices Act, 15 U.S.C. §§ 2801 et seq. (PMPA),

controls the termination of the franchises and the nonrenewal of the franchise relationship by and between Exxon and Miro. PMPA preempts all state laws on the subject of terminating a franchise or nonrenewing a franchise in the petroleum industry, including in this case Miro's proposed application of the California Franchise Investment Law to bar Exxon's nonrenewal of the parties' franchise relationship.

3. Paragraph 4 of the parties' 1979 Retail Service Station Lease and the new 1982 Retail Service Station Lease proposed by Exxon to Miro constituted a provision of the parties' franchise as that term is used in 15 U.S.C. § 2801(1)(A) & (B).

4. The proposed change to paragraph 4 of the parties' Retail Service Station Lease, which advanced the expiration of the base lease, was not the result of any evil intent by, or bad faith on the part of, Exxon against Miro nor were they an attempt by Exxon to discriminate against Miro.

5. The change in paragraph 4 proposed by Exxon in the new Retail Service Station Lease was the result of a determination made by Exxon in good faith and in the normal course of business.

6. The failure of the parties to agree to the change in paragraph 4 of the new 1982 Retail Service Station Lease proposed by Exxon was not the result of Exxon's insistence upon such change for the purpose of preventing the renewal of the parties' franchise relationship.

7. The failure of the parties to agree to the change in the franchise resulted from Miro's refusal to agree to the changes in paragraph 4 of the proposed new Retail Service Station Lease which gave Exxon grounds for nonrenewal of the franchise relationship effective upon expiration of the existing 1979 lease on June 9, 1982.

8. Exxon complied in all respects with the notification requirements of section 104 of the Act, 15 U.S.C. § 2804.

9. Exxon is entitled to a judgment declaring that its nonrenewal of Miro's franchise relationship was in all respects proper under the federal Petroleum Marketing Practices Act; that PMPA preempts all state laws on the subject of nonrenewal of franchise relationships relied on by Miro; and that Miro held over in possession of the service station premises following the effective date of nonrenewal, June 9, 1982.

10. Miro is not liable for holding over possession of the subject service station premises because this Court entered an order pursuant to stipulation permitting Miro to remain in possession of the premises until 12 o'clock noon on October 31, 1982, at which time he relinquished possession to Exxon. This is exactly what would have transpired had Miro signed the new Retail Service Station Lease and Sales Agreement in February 1982.

11. There are no damages issues remaining to be tried since this Court has found neither party liable for its actions, and the issues of damages claimed by both parties are therefore moot.

12. To the extent that any conclusion of law is deemed a finding of fact, it is to that extent hereby made a finding of fact.

Let judgment be entered accordingly: Summary Judgment regarding liability; and Final Judgment regarding liability and damages.

## SUMMARY JUDGMENT

re:

Liability

and

## FINAL JUDGMENT

re:

Liability and Damages

Having reviewed all papers and oral arguments of counsel offered in support of and in opposition to the parties' respective cross-motions for partial summary judgment, and having made Findings of Fact and Conclusions of Law which are filed concurrently herewith, the Court hereby makes the following order regarding both liability and damages in this case.

Exxon Corporation is entitled to a declaratory judgment declaring that:

(1) Its nonrenewal of defendant Gabriel Miro's franchise relationship with Exxon

was in all respects proper under the Petroleum Marketing Practices Act, 15 U.S.C. §§ 2801 et seq.

(2) The Petroleum Marketing Practices Act preempts all state laws not identical to the federal Act and preempts all state laws relied on by defendant Gabriel Miro in this action.

(3) Miro is not liable for holding over possession of the service station premises because this Court entered an order pursuant to stipulation permitting Miro to remain in possession until 12 o'clock noon on October 31, 1982, at which time he relinquished possession to Exxon. This is exactly what would have transpired had Miro signed the new Retail Service Station Lease and Sales Agreement in February 1982.

(4) There are no damages issues remaining to be tried since this Court has found neither party liable for its actions.

(5) Each party shall bear its and his own costs of suit incurred herein.