CIA. PETROLERA CARIBE, INC., Plaintiff,

v.

Victor De JESUS, Defendant,

v.

ISLA PETROLEUM CORPORATION, Third Party Defendants.

Civil No. 87–0792 (JP).

United States District Court, D. Puerto Rico.

Sept. 30, 1987.

Celso E. López, San Sebastián, P.R., for plaintiff.

Víctor M. Rivera Torres, Santurce, P.R., for defendant.

## OPINION AND ORDER

PIERAS, District Judge.

This is an action concerning a franchise agreement between an oil distributor, plaintiff, and a gasoline station operator, defendant. Plaintiff asks the Court to declare the parties' franchise agreement terminated; to recover possessions of a storage tank and canopy formerly leased to the defendant; and to award damages. Plaintiff alleges federal-question jurisdiction arising out of the PMPA, 15 U.S.C. § 2801, *et seq.* In his answer filed on September 4, 1986, defendant asked, inter alia, that the complaint be dismissed for lack of subject matter jurisdiction, because the claim does not arise under the PMPA. Plaintiff does not allege diversity of citizenship.

This Court has federal-question jurisdiction only of civil cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. For plaintiff's claim to arise under the PMPA, it must meet one of three requirements: (1) the remedy plaintiff seeks must be expressly granted by the statute; (2) the issue plaintiff presents must require construction of the statute; or (3) the statute must embody a distinct policy that requires federal legal principles to control disposition. *Comtronics, Inc. v. Puerto Rico Telephone Co.*, 409 F.Supp. 800, 813 (D.P.R.1975). The federal question must appear on the face of a well-pleaded complaint; not through anticipation of a defense. *Louisville and Nashville Railroad Co. v. Mottley*, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908). If we find no basis for a federal question in the complaint, accepting plaintiff's averments at face value, we are obligated to dismiss the complaint under Rule 12(h)(3), Fed.R.Civ.P.

We first address the question of the PMPA's granting of a remedy to the plaintiff, a "franchisor" under the Act. 15 U.S.C. § 2801(3). The PMPA's purpose is clear: it protects franchisees from the excessive power of gasoline distributors. *Kostantas v. Exxon Co., U.S.A.*, 663 F.2d 605 (5th Cir.1981) *cert. denied*, 456 U.S. 1009, 102 S.Ct. 2302, 73 L.Ed.2d 1305 (1982). Section 2802(a) establishes the general rule that franchisors are precluded from terminating or failing to renew franchise agreements. Section 2802(b) defines the exceptions to that rule. In other words, when a franchisee sues to enforce § 2802(a), the franchisor can turn to § 2802(b) for defense to such an action. There is no indication, however, that these "defenses" create any entitlement or rights in the franchisor that can be vindicated in federal court.

Section 2805 contains the enforcement provisions of the PMPA, and it reinforces the conclusion that the Act confers federal jurisdiction only when the franchisee sues to prevent termination of an agreement:

> If a franchisor fails to comply with the requirements of § 2802 or 2803 of this title, the franchisee may maintain a civil action against the franchisor. Such action may be brought, without regard to the amount in controversy, in the district court of the United States ...

18 U.S.C. § 2805(a). There is no analogous provision allowing the franchisor to bring suit in a federal court. Neither did the Secretary of Energy interpret the Act to allow remedies to franchisors when he issued the summary of the Act pursuant to § 2804(d)(1). *See* Summary of Title I of the Petroleum Marketing Practices Act, 43 Fed.Reg. 38743, 45 (August 30, 1978). We likewise conclude that there is no express grant of remedy to the plaintiff in the PMPA.

The other two tests of *Comtronics* fail to be satisfied in this case, as well. First, the PMPA is clearly not material to the plaintiff's demand to return possession of the storage tank and canopy. The claim is in the nature of an action for conversion, which is governed by local law, not federal. Second, plaintiff has offered no policy concerns, and we find none ourselves, that require us to assume jurisdiction.

Because the remedy plaintiff seeks is not expressly granted by the PMPA and because the issue presented does not require construction of the PMPA, we conclude that the claim does not arise under 15 U.S.C. § 2801, *et seq.* There is therefore, no jurisdiction under 28 U.S.C. § 1331. *Comtronics*, 409 F.Supp. at 813. Under Rule 12(h)(3), we hereby DISMISS the present action.

The Clerk shall enter Judgment accordingly.

IT IS SO ORDERED.