**STATE OIL COMPANY, Plaintiff,**

**v.**

**Barkat (Bob) U. KHAN, Defendant.**

**No. 93 C 1372.**

United States District Court, N.D. Illinois, E.D.

Dec. 3, 1993.

John C. Baumgartner, Churchill, Baumgartner & Phillips, Ltd., Grayslake, IL, for plaintiff.

Gregory James Ellis, Law Offices of Gregory J. Ellis, Oak Brook, IL, for defendant.

## OPINION AND ORDER

NORGLE, District Judge:

■ This matter comes before the court on defendant/counter-plaintiff Barkat (Bob) U. Khan's ("Khan") motion for summary judgment. For reasons stated below, the court finds that subject matter jurisdiction is lacking and thus *sua sponte* remands this case to the Circuit Court of DuPage County. In light of this court's lack of jurisdiction, the court does not render a decision as to Khan's motion for summary judgment.

### FACTS

Khan was a franchised dealer of plaintiff/counter-defendant State Oil Company ("State Oil") and operated a gasoline service station in Addison, Illinois since January of

1992. As part of his business, Khan purchased Unocol 76 branded motor fuel from State Oil and sold the fuel under the Unocol 76 trademark. Khan paid $100,000 in cash for the supply agreement. Khan also executed and delivered to State Oil a promissory note in the amount of $105,336.31 along with a security agreement to secure the note. The monthly payments on the promissory note were $3,200.

The franchise agreement with State Oil also provided for monthly lease payments based in part on projected gasoline sales. The initial amount of monthly payments that Khan was obligated to pay pursuant to the franchise agreement, however, proved not to reflect the actual gasoline sales of Khan's service station. By agreement of the parties, the lease was thus reduced to $6,500 per month during 1992 and then $6,800 per month for the first six months of 1993. The lease payments were due on the first day of each month.

Sales continued to prove poor for Khan around the end of 1992. Khan failed to make his rental payment for January 1, 1993 as well as the payment on the promissory note due January 1, 1993. Khan was unable to pay because he lacked sufficient funds for the payments. Khan informed State Oil of his general lack of money and further mentioned that he also lacked funds for the purchase of replacement merchandise, which he had to charge to a credit card. As a consequence of Khan's failure to pay and his statements, State Oil sent a notice of termination to Khan on January 27, 1993 stating that the franchise agreement would be terminated effective February 2, 1993.

On February 8, 1993, State Oil filed a forcible entry and detainer action in DuPage County under 735 ILCS 5/9–101 et seq. for possession of the premises. State Oil also filed an action in state court to collect on the promissory note. Khan removed the forcible entry and detainer action to this court pursuant to 28 U.S.C. § 1441, asserting that the termination of service station franchises is regulated by the Petroleum Marketing Practices Act ("PMPA"), 15 U.S.C. § 2801 et seq. State Oil subsequently filed a motion for summary judgment which this court denied on May 12, 1993. In denying State Oil's motion by minute order, this court's strong language indicated that the five-day notice of termination may have been defective.[1] After the court denied State Oil's motion for summary judgment, State Oil issued a second notice of termination dated May 21, 1993 which provided ninety-days notice.

Khan filed a counterclaim seeking damages pursuant to 15 U.S.C. § 2805(a). Khan alleges State Oil violated the PMPA because its initial notice failed to give ninety-days notice before the effective date of the termination and because State Oil took action in state court to appoint a receiver to take over Khan's service station as part of State Oil's action on the promissory note. State Oil's failure to comply with the PMPA in effectuating a termination of the franchise would give rise to civil liability. 15 U.S.C. § 2805(a). Khan's motion thus seeks summary judgment on his counterclaim on two grounds. First, Khan maintains that State Oil did not comply with all of the notice requirements of the PMPA in its January 21, 1993 notice of termination when it terminated Khan's franchise, primarily claiming it would not have been unreasonable under the circumstances for State Oil to provide ninety-days notice before the effective date of the termination. Khan claims secondly that State Oil's appointment of a receiver through the state court constitutes a wrongful termination of the franchise because it deprived Khan the ability to cure the default.[2] Khan

---

**1.** Contrary to Khan's argument, the court has not already made a finding that State Oil's original notice of termination was defective or unreasonable. The court in its May 12, 1993 minute order on State Oil's motion for summary judgment found only that State Oil failed to convince the court that providing ninety-days notice would not have been reasonable as a matter of law. The court did not conclude the opposite: that ninety-days notice would not have been unrea-

sonable, or that the five-day notice was itself unreasonable. That issue may thus be revisited.

**2.** But see Wisser Co. v. Mobil Oil Corp., 730 F.2d 54, 58 (2d Cir.1984) (right to cure exists only for certain violations); Smoot v. Mobil Oil Corp., 722 F.Supp. 849, 855 n. 4 (D.Mass.1989) (notice period not intended to provide franchisee with opportunity to cure but only intended to provide reasonable period to vacate).

seeks a judgment and order declaring that State Oil's actions violate the PMPA.

Nonetheless, after briefing on Khan's motion for summary judgment was complete, the court discerned a problem with its subject matter jurisdiction. The court informed the parties of its concern and instructed counsel to research the issue. In open court on November 24, 1993, the parties informed the court of their respective positions regarding federal jurisdiction and State Oil submitted a written memorandum setting forth its argument. After reviewing the arguments of counsel and the relevant case law, the court concludes that it does not possess jurisdiction.

## DISCUSSION

The court has reviewed the jurisdictional question *sua sponte* pursuant to its general duty to jealously guard the federal courts' limited jurisdiction. *See Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir.1986) ("The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged"). The court must be completely satisfied that it has subject matter jurisdiction before hearing a case on the merits. 28 U.S.C. § 1447(c) requires district courts to "remain vigilant to ensure the presence of jurisdiction. . . ." *See In re Shell Oil Co.*, 966 F.2d 1130, 1133 (7th Cir.1992). The district court is therefore required to remand a case if it appears, at any time before final judgment, that the district court lacks jurisdiction. 28 U.S.C. § 1447(c).[3]

■ Federal district courts possess original jurisdiction over actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The removal of a case based on a federal question is governed by the well-pleaded complaint rule. That rule provides that federal question jurisdiction exists only when the federal question is presented on the face of the plaintiff's properly pleaded complaint. *Burda v. M. Ecker Co.*, 954 F.2d 434, 438 (7th Cir.1992) (citing *Caterpillar Inc. v. Williams*, 482 U.S.

386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987)). A defendant must establish that at least one count of the plaintiff's complaint "arises under" federal law in order to secure a proper removal. *Lepucki v. Van Wormer*, 765 F.2d 86, 89 (7th Cir.), *cert. denied*, 474 U.S. 827, 106 S.Ct. 86, 88 L.Ed.2d 71 (1985). That is, a right or immunity created by the laws of the United States must constitute an essential element of the plaintiff's cause of action. *Gully v. First National Bank*, 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936). Any doubt regarding jurisdiction must be resolved in favor of remand and the party seeking removal bears the burden of establishing federal jurisdiction. *Doe v. Allied–Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). Thus, the propriety of removal depends on whether the suit, as the plaintiff framed or easily could have framed it in the complaint, would fall within the purview of this court's jurisdiction at the time of removal. *Federal Deposit Ins. Corp. v. Elefant*, 790 F.2d 661, 667 (7th Cir.1986) (citing *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)).

■ A district court may not preside over a case if "the only federal question posed is raised by a defense argument, even if the plaintiff anticipated the defense argument and even if both parties concede the federal question is the only real issue in the case." *Doe*, 985 F.2d at 911 (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393, 107 S.Ct. 2425, 2430, 96 L.Ed.2d 318 (1987)). This is true even if the defense is that the state-law claim is preempted by federal statute. *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 12, 103 S.Ct. 2841, 2847–48, 77 L.Ed.2d 420 (1983). A plaintiff is entitled to avoid federal court even where federal questions are implicit in the state law claim, as long as the plaintiff is not artfully pleading his case in order to forum shop and avoid federal court. *Doe*, 985 F.2d at 911; *see Burda*, 954 F.2d at 438 (removal justified were plaintiff artfully pleaded state-law cause of action). Similarly,

---

**3.** Additionally, the Federal Rules of Civil procedure permit a district court to dismiss a case for lack of subject matter jurisdiction at any time during the proceedings if jurisdiction is lacking. Fed.R.Civ.P. 12(b)(1), 12(h)(3).

the district court cannot maintain jurisdiction merely because the defendant files a counterclaim based on federal law subsequent to removal. *Elefant,* 790 F.2d at 667; *see Takeda v. Northwestern National Life Ins. Co.,* 765 F.2d 815, 822 (9th Cir.1985) (filing of counterclaim based on federal law does not make suit removable).

The PMPA is undoubtedly a federal statute that regulates petroleum service station franchises. For instance, the PMPA lists the specific reasons for which a franchisor may legitimately terminate a service station franchise. Among those reasons is a franchisee's failure to pay, in a timely manner, all sums to which a franchisor is legally entitled when those sums are due. 15 U.S.C. § 2802(c)(8); *Baker v. Amoco Oil Co.,* 956 F.2d 639, 641 (7th Cir.1992).[4] Additionally, the PMPA requires a service station franchisor to provide at least ninety-days written notice in order to successfully terminate a franchise. 15 U.S.C. § 2804(b)(1); *California Petroleum Distribs., Inc. v. Chevron U.S.A., Inc.,* 589 F.Supp. 282, 289 (E.D.N.Y.1984). A shorter time period is allowed if it would not be reasonable to require ninety-days notice under the circumstances, in which event the notice must be as early as is reasonably practicable. 15 U.S.C. § 2804(b)(1)(A); *see, e.g., Murphy Oil USA, Inc. v. Hauser,* 820 F.Supp. 437, 443 (D.Minn.1993) (ninety-day notice originally sent when $33,176.42 was due over five month period; fourteen-day notice justified when that amount increased to $41,376.42 in four weeks). *California Petroleum,* 589 F.Supp. at 289 (sixteen-day notice permissible following four months of demands for payment and negotiations; a quarter of a million dollars was owed after continuing and repeated defaults); *Loomis v. Gulf Oil Corp.,* 567 F.Supp. 591, 597 (M.D.Fla.1983) (eight-day notice justified when franchisee developed deficiency of $56,233.52 in thirty to sixty days). Thus, the present case facially appears as an incident of franchise termination where a franchisee becomes in arrears in his payments.

But a closer examination of the PMPA reveals the difficulty in treating this case as an ordinary petroleum franchise case under the statute. As an enforcement mechanism, the PMPA provides a service station franchisee with the right to pursue a civil action against a franchisor who fails to comply with the provisions of the PMPA in effectuating a termination. 15 U.S.C. § 2805(a). Yet the PMPA does not similarly provide a franchisor with a cause of action against a franchisee. Thus the PMPA does not grant rights to franchisors. Instead it limits franchisors' contractual rights and creates rights for the protection of franchisees. This may be so because the PMPA seeks generally to protect franchisees from arbitrary terminations; therefore courts narrowly construe the provisions of the PMPA to remain consonant with the overriding purpose to protect the franchisees. *Brach v. Amoco Oil Co.,* 677 F.2d 1213, 1220–21 (7th Cir.1982); *see Winks v. Feeney Oil Co.,* 731 F.Supp. 322, 327 (C.D.Ill. 1990) ("the PMPA is exceedingly sparing in the jurisdictional grant it provides"). Recognizing a franchisor's ability to use the federal courts, absent Congressional directive, would thus deride the careful balance struck between the two competing interests in the petroleum marketing franchise relationship: the franchisors' business judgments and franchisees' franchise rights. Although Khan, the franchisee, may be disadvantaged in the present case—by denying him the opportunity to proceed in federal court—this court cannot ignore the jurisdictional obstacle precipitated by the procedural posture of the case.

The court finds solace in *Franchise Tax Board.* In that case, the California Franchise Tax Board brought suit for declaratory relief under state law seeking to collect funds from the trustees of a welfare benefit trust holding money for the benefit of three union members who owed personal income taxes. The complaint alleged that the trustees failed to comply with tax levies and thus were liable for damages, and further sought a declaration that the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C.

---

**4.** A single default is sufficient. *California Petroleum Distribs., Inc. v. Chevron U.S.A., Inc.,* 589 F.Supp. 282, 287–88 (E.D.N.Y.1984).

§ 1001 *et seq.,* (1976 ed. and Supp. V) did not preempt state law and therefore did not deprive the trustees of the power to honor the levies. The Supreme Court held that, even though the issues raised by the plaintiff could not be decided without interpreting ERISA, the federal question was raised as a defense and therefore would not support federal jurisdiction on removal. *Franchise Tax Board,* 463 U.S. at 8, 103 S.Ct. at 2845–46. Instructively, the Court stated, "The express grant of federal jurisdiction in ERISA is limited to suits brought by certain parties ... as to whom Congress presumably determined that a right to enter federal court was necessary to further the statute's purpose." *Id.* at 21, 103 S.Ct. at 2852. Because the statute did not provide that any suit *against* such parties must also be brought in federal court, the Tax Board's action did not arise under federal law. *Id.* Similarly, the instant action presents a situation where a franchisor, who is not entitled to sue under the PMPA, is bringing a state law claim against a franchisee, who is entitled to sue under the PMPA, which may require construction or application of some of the PMPA's provisions. The court sees little difference between the posture of this case and *Franchise Tax Board* and therefore follows its lead.

▮ The PMPA thus does not confer federal question jurisdiction in the district courts unless a franchisee brings the action originally. *Winks,* 731 F.Supp. at 326–27; *CIA. Petrolera Caribe, Inc. v. De Jesus,* 671 F.Supp. 884, 885–86 (D.P.R.1987); *see also Sun Refining and Marketing Co. v. Rago,* 741 F.2d 670, 671–72 & n. 3 (3d Cir.1984) (noted PMPA silent as to franchisor's right to bring civil action; court did not reach issue, however, because it was not raised and because diversity jurisdiction present). Although the issues raised in State Oil's complaint may require interpretation of a federal statute, a suit by State Oil in federal court is not authorized by the PMPA. If Khan had filed his claim in federal court to enjoin the termination of the franchise, original jurisdiction would have been present and the district court could hear the merits of the notice dispute. But the court cannot acquire jurisdiction where the PMPA is used solely as a defense or asserted as a counterclaim to an

otherwise state-law dominated case. Here, State Oil does not count on the federal statute to grant him relief and does not measure his remedies on the provisions of the PMPA.

Four circuit courts, including the Seventh Circuit, have heard cases where a franchisor brings an action for declaratory relief, seeking a declaration that it has not violated the PMPA. *See Marathon Petroleum Co. v. Pendleton,* 889 F.2d 1509 (6th Cir.1989); *Mobil Oil Corp. v. Karbowski,* 879 F.2d 1052 (2d Cir.1989); *Amoco Oil Co. v. Johnstone,* 856 F.2d 967 (7th Cir.1988), *cert. denied,* 490 U.S. 1046, 109 S.Ct. 1954, 104 L.Ed.2d 423 (1989); *Chevron U.S.A., Inc. v. Finn,* 851 F.2d 1227 (9th Cir.1988), *cert. denied,* 489 U.S. 1054, 109 S.Ct. 1315, 103 L.Ed.2d 584 (1989). Many district courts have done so as well. *See Texaco Ref. and Mktg. v. Davis,* Nos. 93–481–FR (LEAD), 93–595–FR, 1993 WL 432124, 1993 U.S. Dist. LEXIS 14929 (D.Or. Oct. 20, 1993); *Hauser,* 820 F.Supp. 437; *Shell Oil Co. v. Hillary Farmer Service Station, Inc.,* 739 F.Supp. 749 (E.D.N.Y.1990); *Marathon Petroleum Co. v. Pendleton,* 689 F.Supp. 739 (N.D.Ohio 1988), *aff'd,* 889 F.2d 1509 (6th Cir.1989); *Mobil Oil Corp. v. Shah,* 671 F.Supp. 503 (N.D.Ill.1987); *Amoco Oil Co. v. D.Z. Enters. Inc.,* 607 F.Supp. 595 (E.D.N.Y.1985); *Mobil Oil Corp. v. Vachon,* 580 F.Supp. 153 (D.Mass.1983); *Shell Oil Co. v. Kozub,* 574 F.Supp. 114 (N.D.Ohio 1983); *Exxon Corp. v. Miro,* 555 F.Supp. 234 (C.D.Cal.1983); *Crown Central Petroleum Corp. v. Waldman,* 515 F.Supp. 477 (M.D.Pa. 1981), *aff'd without opinion,* 676 F.2d 684 (3d Cir.1982).

This court, however, finds many reasons not to place reliance on those opinions. Those cases do not entail the removal of a state law claim to the federal court, as does the present case. Also, State Oil's complaint does not purport to be a declaratory judgment action; the relief State Oil seeks under Illinois's forcible entry and detainer statute is far more than declaratory relief.

Moreover, none of the circuit court cases, and only two district court opinions, directly discuss the jurisdictional question. The two district court opinions directly addressing the issue rely upon cases not directly resolving the issue. *See Texaco Refining,* 1993 WL 432124 at *12 n. 1, 1993 U.S. Dist. LEXIS

14929 at \*22 n. 1; *Pendleton,* 689 F.Supp. at 741–42. The court is thus not convinced that the cases addressing the merits of a franchisor's case did not have a different basis for jurisdiction. In fact, diversity jurisdiction was noted in some of the cases, *see, e.g., Johnstone,* 856 F.2d at 968 n. 1; *Hillary Farmer,* 739 F.Supp. at 750, and at least two cases also involved another federal statute, *see D.Z. Enters.,* 607 F.Supp. at 597 (trademark infringement under Lanham Act, 15 U.S.C. §§ 1114, 1125); *Waldman,* 515 F.Supp. at 487 n. 8 (count II based on federal antitrust laws). The court is therefore not satisfied that the courts are in agreement that jurisdiction exists over a franchisor's declaratory judgment action under the PMPA.

The district court opinions finding jurisdiction for a franchisor's declaratory judgment action under the PMPA also seem inconsistent with the Supreme Court's mandate that federal jurisdiction is lacking "if, but for the availability of the declaratory judgment procedure, the federal claim would arise only as a defense to a state created action. . . ." *See Franchise Tax Board,* 463 U.S. at 16–22, 103 S.Ct. at 2849–53 (discussing *Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950)). *Accord Winks,* 731 F.Supp. at 326.

In sum, this case was removed by Khan after State Oil filed a forcible entry and detainer action in state court. The forcible entry and detainer remedy is uniquely a creature of state law. The relief sought under State Oil's complaint for return or possession of the property could not be granted by a federal court under the PMPA. State Oil's complaint therefore does not arise under the PMPA. Accordingly, this case should be remanded because it could not have originally been brought in the federal court by State Oil.

### CONCLUSION

For the above stated reasons, the court remands this case to the Circuit Court of DuPage County.

IT IS SO ORDERED.