Sandra **VANDENBROECK**, an individual, **Eugene Nichoson and Carol Nichoson**, husband and wife, **Abel Soto and Denise Soto**, husband and wife, Plaintiffs,

v.

**CONTIMORTGAGE CORPORATION and GREENTREE FINANCIAL SERVICING CORPORATION**, Defendants.

No. 1:98–CV–800.

United States District Court,
W.D. Michigan,
Southern Division.

March 18, 1999.

John E. Anding, Drew, Cooper & Anding, Grand Rapids, MI, for Sandra Vandenbroeck, Eugene Nichoson, Carol Nichoson, Abel Soto, Denise Soto, plaintiffs.

Stephen B. Grow, Warner, Norcross & Judd, LLP, Grand Rapids, MI, for Commonpoint Mortgage Company, defendant.

William K. Holmes, Molly Elizabeth McFarlane, Warner, Norcross & Judd, LLP, Grand Rapids, MI, for Contimortgage Corporation, defendant.

Stephen S. Muhich, Dykema Gossett PLLC, Grand Rapids, MI, for Greentree Financial Servicing Corporation, defendants.

## OPINION

QUIST, District Judge.

Plaintiffs, Sandra VanDenBroeck, Eugene and Carol Nichoson, and Abel and Denise Soto, filed this action on October 16, 1998, in Kent County Circuit Court on behalf of themselves and others against Defendants, CommonPoint Mortgage Company ("CommonPoint"), ContiMortgage Corporation ("ContiMortgage"), and GreenTree Financial Corporation ("Green-Tree"). In their complaint, Plaintiffs alleged state law claims for violation of the Michigan Consumer Protection Act ("MCPA"), M.C.L. §§ 445.901 to .922, breach of fiduciary duty, and unjust enrichment, arising out of certain residential mortgage loans which Plaintiffs obtained from CommonPoint. Defendants Conti-Mortgage and GreenTree removed the case to this Court on the basis that Plaintiffs' claims against them were asserted by virtue of the Home Ownership Equity Protection Act of 1994 ("HOEPA"), codified under the Truth In Lending Act ("TILA") as 15 U.S.C. § 1641(d). Having raised the issue *sua sponte,* the Court concludes, for the reasons stated below, that it lacks subject matter jurisdiction over Plaintiffs' claims and will remand the case to state court.

## Background

For all intents and purposes, this case is the continuation of a prior case which Plaintiffs and others filed in this Court on October 1, 1997, against CommonPoint and its majority shareholder (*"VanDenBroeck I "*). In addition to the state law claims alleged in this case, Plaintiffs alleged in *VanDenBroeck I* that CommonPoint and its majority shareholder violated the Racketeer Influenced and Corrupt Organizations Act ("RICO") and that CommonPoint violated the TILA. In an Opinion issued on October 13, 1998, this Court held that Plaintiffs failed to allege claims under RICO and the TILA. *See VanDenBroeck v. Commonpoint Mortgage Co.*, 22 F.Supp.2d 677, 691 (W.D.Mich.1998). Accordingly, the Court dismissed Plaintiffs' RICO and TILA claims with prejudice and dismissed Plaintiffs' state law claims without prejudice pursuant to 28 U.S.C. § 1367(c)(3). *See id.* Three days later, Plaintiffs filed the instant case in state court. On November 10, 1998, ContiMortgage removed the case to this Court.[1]

On February 3, 1999, the Court held a Rule 16 conference in which it raised the issue of subject matter jurisdiction. Although Plaintiffs and Defendants both expressed the view that the Court has jurisdiction, the Court ordered the parties to brief the issue of whether federal question jurisdiction is present. In their briefs, Plaintiffs and Defendants both assert that federal question jurisdiction exists because Plaintiffs' claims require resolution of certain questions arising under HOEPA, although they differ in their analysis of the relationship between Plaintiffs' claims and HOEPA. The parties reaffirmed their position on jurisdiction in response to the Court's questions at the hearing on Defendants' motions to dismiss. The Court disagrees with the parties' conclusion.

## Discussion

The parties' agreement is not determinative on the issue of jurisdiction. "[T]he federal courts are courts of limited jurisdiction and have a continuing obligation to examine their subject matter jurisdiction throughout the pendency of every matter before them." *In re Wolverine Radio Co., Michigan Employment Sec. Comm'n v. Wolverine Radio Co.*, 930 F.2d 1132, 1137 (6th Cir.1991); *see also State Oil Co. v. Khan*, 839 F.Supp. 543, 545 (N.D.Ill.1993)(noting federal courts' "general duty to jealously guard [their] limited jurisdiction"). Thus, this Court must "assure that in every case jurisdiction in the federal court is proper, and this is so regardless of whether jurisdiction is challenged by the parties." *Kardules v. City of Columbus*, 95 F.3d 1335, 1356 (6th Cir.1996)(Batchelder, J., concurring); *see also Children's Healthcare is a Legal Duty, Inc. v. Deters*, 92 F.3d 1412, 1419 (6th Cir.1996)(stating that "[e]ven when the parties concede jurisdiction, we must satisfy ourselves of our own jurisdiction and that of the lower court").

■ The only basis of jurisdiction asserted by Defendants is federal question jurisdiction under 28 U.S.C. § 1331. Federal question jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27–28, 103 S.Ct. 2841, 2856, 77 L.Ed.2d 420 (1983). Under the well-pleaded complaint rule, the plaintiff is the master of his claim and is free to avoid federal court jurisdiction by relying exclusively on state law. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). The rule permits federal jurisdiction "only when a federal question is presented on

---

1. On February 3, 1999, the Court issued an Order which administratively closed Plaintiffs' case against CommonPoint on the basis that CommonPoint was in bankruptcy. Thus, the case is proceeding only against ContiMortgage and GreenTree.

the face of the plaintiff's properly pleaded complaint." *Id.* at 392, 107 S.Ct. at 2429.

■ Initially, in determining the jurisdictional question, the Court finds it necessary to examine the relationship between Plaintiffs' claims and § 1641(d)(1), which Plaintiffs cite in support of their claims, because as the Court understands it, Defendants are contending that Plaintiffs' claims, although pled as state law claims, are actually created by federal law. *(See, e.g.,* Def. ContiMortgage's Br. Supp. Fed. Jurisdiction at 5–8.)

As noted above, Plaintiffs assert state law claims against ContiMortgage and GreenTree by virtue of the HOEP, which is codified in part as an amendment to the TILA. *See* 15 U.S.C. § 1641(d). That section eliminates holder-in-due-course protections for assignees of certain high cost mortgages and renders them subject to all claims and defenses that the borrower could assert against the original lender. Specifically, § 1641(d)(1) provides:

> In general. Any person who purchases or is otherwise assigned a mortgage referred to in section 103(aa) shall be subject to all claims and defenses with respect to the that mortgage that the consumer could assert against the creditor of the mortgage, unless the purchaser or assignee demonstrates, by a preponderance of the evidence, that a reasonable person exercising ordinary due diligence could not determine, based on the documentation required by this title ... that the mortgage was a mortgage referred to in section 103(aa) ....

15 U.S.C. § 1641(d)(1). The language of subsection (1) provides in clear and unambiguous terms that assignees are subject to all claims and defenses under *any law* that a borrower could have asserted against the original lender. Thus, § 1641(d)(1) does not bestow any new rights upon the borrower; rather, it eliminates the holder-in-due-course defense.

Although the unmistakable effect of § 1641(d)(1) is simply to eliminate the holder-in-due course defense for certain high-cost mortgages, Defendants assert that federal law, as expressed in § 1641(d), actually creates Plaintiffs' claims because it allows Plaintiffs to maintain their claims against Defendants, defines the circumstances under which the claims may be asserted, and limits the amount of damages Plaintiffs may recover. *See* 15 U.S.C. §§ 1641(d)(1), (2). The Court rejects this argument because it conflates the distinction between the plaintiff's claim, whether it be under state or federal law, and the abrogation of the holder-in-due-course defense on terms prescribed by Congress. By its terms, § 1641(d)(1) only applies if a plaintiff can assert a claim under some other law and, even then, only affects a state law defense (holder-in-due-course) which a defendant assignee might raise; it does not require a plaintiff to prove anything more to succeed on his claim. Therefore, Plaintiffs' claims are not created by federal law.

■ Federal question jurisdiction may still exist if "a well-pleaded complaint establishe[s] that [a plaintiff's] right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd.,* 463 U.S. at 13, 103 S.Ct. at 2848. In other words, the federal law in dispute must form or govern an element that a plaintiff is required to prove to succeed on the claim. Thus, a federal question raised as a defense is insufficient to invoke federal question jurisdiction. " '[A] defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law ....' " *Tisdale v. United Ass'n of Journeymen & Apprentices of the Plumbing & Pipefitting Indus.,* 25 F.3d 1308, 1311 (6th Cir.1994)(quoting *Caterpillar,* 482 U.S. at 399, 107 S.Ct. at 2433). Moreover, as the Supreme Court has noted, federal question jurisdiction does not exist where the plaintiff raises an issue of federal law in antici-

pation of a defense that the defendant may raise:

> Thus, a federal court does not have original jurisdiction over a case in which the complaint presents a state-law cause of action, *but also asserts that a federal law deprives the defendant of a defense he may raise* or that a federal defense the defendant may raise is not sufficient to defeat the claim.

*Franchise Tax Bd.,* 463 U.S. at 10, 103 S.Ct. at 2846 (italics added) (citations omitted); *accord, Lowe v. Ingalls Shipbuilding,* 723 F.2d 1173, 1178 (5th Cir.1984)(stating that "the well-pleaded complaint rule applies fully as much where the party invoking federal jurisdiction relies on federal law to preclude an anticipated state law defense as where he merely anticipates his adversary's invocation of a federal defense")(citing *Franchise Tax Bd.*).

In *Taylor v. Anderson,* 234 U.S. 74, 34 S.Ct. 724, 58 L.Ed. 1218 (1914), a case cited by the Court in *Franchise Tax Board,* the plaintiffs brought an action in ejectment under state law in which they alleged that they were the owners of the property and entitled to possession. In anticipation that the defendants would assert ownership of the property through a deed, the plaintiffs alleged that the deed was void under federal law. The Court found that the complaint failed to raise a federal question, reasoning:

> Nothing more was required to state a good cause of action. But the petition, going beyond what was required, alleged with much detail that the defendants were asserting ownership in themselves under a certain deed, and that it was void under the legislation of Congress restricting the alienation of lands allotted to the Choctaw and Chickasaw Indians. However essential or appropriate these allegations might have been in a bill in equity to cancel or annul the deed, they were neither essential nor appropriate in a[sic] petition in ejectment. Apparently their purpose was to antici-

pate and avoid a defense which it was supposed the defendants would interpose; but, of course, it rested with the defendants to select their ground of defense, and it well might be that this one would not be interposed. In the orderly course, the plaintiffs were required to state their own case in the first instance, and then to deal with the defendants' after it should be disclosed in the answer.

*Id.* at 74–75, 34 S.Ct. at 724. In *Louisville & Nashville R.R. Co. v. Mottley,* 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908), the Court reached a similar conclusion. There, the plaintiffs, who sought to enforce a contract with the defendant for lifetime railroad transportation, alleged in their complaint that an anticipated defense under federal law violated the Fifth Amendment. The Court found that "[a]lthough such allegations show that very likely, in the course of the litigation, a question under the Constitution would arise, they do not show that the suit, that is, the plaintiff's [sic] original cause of action, arises under the Constitution." *Id.* at 152, 29 S.Ct. at 43.

■ In this case, as in *Taylor* and *Mottley,* Plaintiffs have pled that their claims are asserted pursuant to HOEPA only because Plaintiffs anticipated that Defendants would raise the holder-in-due-course defense. Plaintiffs' counsel conceded as much at oral argument on Defendants' motions to dismiss when he acknowledged that Plaintiffs could have filed their complaint without any reference to HOEPA and waited for Defendants to assert the holder-in-due course defense before raising their argument that HOEPA precludes the defense. In fact, although the Court doubts that Defendants would have done so, if Defendants had failed to raise the holder-in-due-course defense, there would be no need for Plaintiffs to raise HOEPA and federal law would never become an issue. Therefore, because Plaintiffs' state law claims do not require resolution of a substantial question of federal law, this

Court lacks subject matter jurisdiction over Plaintiffs' claims.

### *Conclusion*

For the foregoing reasons, the Court concludes that it lacks subject matter jurisdiction over Plaintiffs' claims and will remand the case to state court pursuant to 28 U.S.C. § 1447(c) and (d).

An Order consistent with this Opinion will be entered.

### *ORDER*

In accordance with the Opinion filed on this date,

**IT IS HEREBY ORDERED** that this case is **REMANDED** to the Kent County Circuit Court pursuant to 28 U.S.C. § 1447(c) and (d).