The **ESTATE OF Patricia BARBEAUX,** Deceased, by and through her Personal Representative, Constance Watson, Plaintiff,

v.

**Dr. Larry LEWIS, Dr. Philip R. Dennis,** d/b/a Surgical Associates of Marquette, P.C., a/k/a and d/b/a Surgical Suites, and Marquette General Hospital, and Secretary of the Health Care Financing Administration (HCFA), Defendants.

Case No. 2:00–CV–176.

United States District Court, W.D. Michigan, Northern Division.

Feb. 28, 2002.

Thomas G. Mercier, Munsing, MI, for Plaintiff.

Gregory A. Elzinga, Gaylord, MI, Susan M. Beutel, Detroit, MI, Michael L. Schipper, Grand Rapids, MI, for Defendants.

## OPINION

QUIST, District Judge.

Plaintiff, the Estate of Patricia Barbeaux, deceased, filed this action in Marquette County Circuit Court alleging medical malpractice against Defendants Dr. Larry Lewis, Dr. Philip R. Dennis, d/b/a Surgical Associates of Marquette, P.C., a/k/a and d/b/a Surgical Suites, and Marquette General Hospital (the "Primary Defendants"). On June 27, 2000, Plaintiff filed an amended complaint in the state court action adding the Secretary of the Health Care Financing Administration (the "Federal Defendant") as a party to the case. Plaintiff filed the amended complaint in order to obtain the amount of the potential Medicare reimbursement claim for which Plaintiff will be liable in the event Plaintiff obtains a settlement or judgement in the malpractice action. On September 20, 2000, the Federal Defendant removed the case to this Court.

The Federal Defendant has now moved for dismissal pursuant to Fed.R.Civ.P. 12(b)(5) and (6) for failure to effect proper service and for lack of subject matter jurisdiction. In addition, the Federal Defendant argues that dismissal is appropriate because Plaintiff's action against the Federal Defendant is moot. As set forth below, the Court will address only the subject matter jurisdiction issue, concluding that dismissal is proper because the Court lacks subject matter jurisdiction over the Federal Defendant. Lacking a basis for jurisdiction over the remaining claims and defendants, the Court will remand the case against the Primary Defendants back to the state court.

Plaintiff filed suit in the Marquette County Circuit Court against the Primary Defendants alleging that they breached their duty of care to Patricia Barbeaux when they neglected to remove a surgical towel from Ms. Barbeaux's abdomen during surgery on February 28, 1998. On April 19, 2000, Plaintiff sent a subpoena to the United States Attorney's Office in Marquette, Michigan in order to obtain copies of all medical bills Medicare had paid as a result of the alleged malpractice and a statement of the total amount that the Secretary of Health and Human Services would seek to recover as reimbursement in the event Plaintiff obtained a settlement or judgment on the claims against the Primary Defendants. After several

months without a response to the subpoena, Plaintiff filed an amended complaint adding the Federal Defendant as a party and seeking the information previously sought in the subpoena. After the case was removed to this Court, an assistant regional counsel to the Department of Health and Human Services ("HHS") contacted Plaintiff's counsel and offered to provide the Medicare overpayment information if the attorney would provide Ms. Barbeaux's Medicare identifier number. Plaintiff's attorney never provided that number to the HHS regional counsel. Nonetheless, United Government Services ("UGS"), the fiscal intermediary for HCFA, compiled the information and it was eventually furnished to Plaintiff's attorney following a delay due to some confusion over Plaintiff's counsel's address. After reviewing the statement of charges compiled by UGS, the Primary Defendants identified certain charges as not being related to the alleged malpractice.

■ As a court of limited jurisdiction, this Court must proceed with caution in deciding that it has subject matter jurisdiction. *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1252 (6th Cir.1996). "[T]he federal courts are courts of limited jurisdiction and have a continuing obligation to examine their subject matter jurisdiction throughout the pendency of every matter before them." *Michigan Employment Sec. Comm'n v. Wolverine Radio Co. (In re Wolverine Radio Co.)*, 930 F.2d 1132, 1137 (6th Cir. 1991); *see also State Oil Co. v. Khan*, 839 F.Supp. 543, 545 (N.D.Ill.1993)(noting federal courts' "general duty to jealously guard [their] limited jurisdiction"). Thus, this Court must "assure that in every case jurisdiction in the federal court is proper, and this is so regardless of whether jurisdiction is challenged by the parties." *Kardules v. City of Columbus*, 95 F.3d 1335, 1356 (6th Cir.1996)(Batchelder, J., concurring). The Federal Defendant asserts that

this Court does not have subject matter jurisdiction over Plaintiff's claim against the Federal Defendant because the applicable statutes contain the procedures for pursuing such claims and require Plaintiff to exhaust all administrative remedies before filing suit in federal court.

■ Section 405(g) of Title 42 sets forth the administrative prerequisites for obtaining judicial review of a decision of the Commissioner of Social Security under the Social Security Act. *See* 42 U.S.C. § 405(g). That section provides for review by federal district courts of final decisions of the Commissioner. *See id.* Under § 405(h), there is no federal question jurisdiction for Social Security claims except as provided in § 405(g). *See* 42 U.S.C. § 405(h); *Heckler v. Ringer*, 466 U.S. 602, 614–15, 104 S.Ct. 2013, 2021, 80 L.Ed.2d 622 (1984). The limitation on federal question jurisdiction in § 405(h) also applies to the Medicare Act. 42 U.S.C. § 1395ii; *Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 9, 120 S.Ct. 1084, 1091, 146 L.Ed.2d 1 (2000). A final decision of the Secretary may be reviewed "only after a claimant has pressed his claim through all the designated levels of administrative review." *Manakee Prof'l Med. Transfer Serv. v. Shalala*, 71 F.3d 574, 577–78 (6th Cir.1995). The Supreme Court has "explained that the exhaustion requirement of § 405(g) consists of a nonwaivable requirement that a 'claim for benefits shall have been presented to the Secretary,' and a waivable requirement that the administrative remedies prescribed by the Secretary be pursued fully by the claimant." *Ringer*, 466 U.S. at 617, 104 S.Ct. at 2023 (1984) (citation omitted)(quoting *Mathews v. Eldridge*, 424 U.S. 319, 328, 96 S.Ct. 893, 899, 47 L.Ed.2d 18 (1976)).

In *Heckler v. Ringer*, the Supreme Court held that the preclusive effect of § 405(h) bars claims that are "inextricably

522

intertwined" with claims for Medicare benefits, regardless of whether the claim presents a "procedural" or a "substantive" issue. *Id.* at 614–15, 104 S.Ct. at 2021. "Thus ... the inquiry in determining whether § 405(h) bars federal-question jurisdiction must be whether the claim 'arises under' the Act...." *Id.* at 615, 104 S.Ct. at 2021. In this case, the Court has no difficulty in concluding that Plaintiff's claim regarding the amount of Medicare reimbursement arises under the Medicare Act because the claim pertains to the propriety and amount the Federal Defendant may seek to recover for conditional Medicare payments made on behalf of Ms. Barbeaux if Plaintiff receives a settlement or judgment on its claims against the Principal Defendants. *See Washington Hosp. Ctr. v. Beaner,* Civ. A. No. 92–1137–LFO, 1993 WL 152423, at *2 (D.D.C. Apr. 28, 1993) (concluding that the third party plaintiff's claim under the Medicare conditional payment provisions against the Secretary of Health and Human Services was barred by § 405(g) where the plaintiff had not presented his claim to the Secretary and a final decision had not been rendered).

If and when Plaintiff obtains a settlement or a judgment on the malpractice claims and an overpayment demand is made, Plaintiff may contest the validity and/or amount of the claim through established administrative procedures. *See* 42 C.F.R. §§ 405.704(b)(13), 405.708, 405.710. Plaintiff does not deny that the claim against the Federal Defendant arises under the Medicare Act nor does Plaintiff deny that 42 U.S.C. § 405(h) bars jurisdiction in this Court. Therefore, the Court will grant the Federal Defendant's motion to dismiss and remand the case to the Marquette County Circuit Court for further proceedings. *See Beaner* 1993 WL 152423, at *2.

An Order consistent with this Opinion will be entered.

### *ORDER*

In accordance with the Opinion filed this date,

**IT IS HEREBY ORDERED** that the Federal Defendant's Motion to Dismiss (docket no. 10) is **GRANTED.** Defendant Secretary of the Health Care Financing Administration is dismissed from this case. The case is remanded to the Marquette County Circuit Court pursuant to 28 U.S.C. § 1447(c).

This case is closed.