**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

COYNE & DELANY COMPANY,
Plaintiff-Appellee,

v.

BLUE CROSS & BLUE SHIELD OF
VIRGINIA, INCORPORATED,

No. 95-3180

Defendant-Appellant,

and

STANDARD SECURITY LIFE INSURANCE
COMPANY OF NEW YORK,
Defendant.

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
B. Waugh Crigler, Magistrate Judge.
(CA-94-18-C)

Argued: October 30, 1996

Decided: December 16, 1996

Before WILKINSON, Chief Judge, and WILKINS and LUTTIG,
Circuit Judges.

_____

Reversed by published opinion. Chief Judge Wilkinson wrote the
opinion, in which Judge Wilkins and Judge Luttig joined.

_____

**COUNSEL**

**ARGUED:** R. Gordon Smith, MCGUIRE, WOODS, BATTLE &
BOOTHE, L.L.P., Richmond, Virginia, for Appellant. James Nichol

Deinlein, DEINLEIN & VADEN, Charlottesville, Virginia, for Appellee. **ON BRIEF:** David F. Dabbs, MCGUIRE, WOODS, BATTLE & BOOTHE, L.L.P., Richmond, Virginia; Jeanette D. Rogers, BLUE CROSS AND BLUE SHIELD OF VIRGINIA, Richmond, Virginia, for Appellant. Peter B. Vaden, DEINLEIN & VADEN, Charlottesville, Virginia, for Appellee.

_____

**OPINION**

WILKINSON, Chief Judge:

Coyne & Delany Company brought suit against Blue Cross and Blue Shield of Virginia under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq., alleging that Blue Cross breached its fiduciary duty by refusing to pay for the medical expenses incurred by Herman Tyree, a Coyne employee. The magistrate judge granted Coyne summary judgment, instructing Blue Cross to pay all claims for medical services provided to Tyree.

We reverse. ERISA does not afford fiduciaries a cause of action for benefits. ERISA is a "comprehensive and reticulated statute" which does not provide remedies other than those expressly set forth by Congress. Massachusetts Mutual Life Insurance Co. v. Russell, 473 U.S. 134, 146-47 (1985). We therefore decline Coyne & Delany's invitation to read into the more general language of ERISA section 502(a)(3) an action for fiduciaries which Congress saw fit to deny them under the specific terms of section 502(a)(1)(B).

I.

Coyne maintained until 1991 a group health insurance plan under contract with Blue Cross. Seeking to reduce its premiums, Coyne cancelled the Blue Cross policy and replaced it with a self-insured plan. Coyne obtained a reinsurance policy for the new plan under which Standard Security Life Insurance Company would pay any benefit obligations incurred by Coyne in excess of $10,000.

The new plan became effective April 1, 1991. Prior to that date, Tyree had been hospitalized for a heart condition. He was on sick

2

leave on April 1 and did not return to work before being readmitted to the hospital on April 20 for the same condition. Tyree's son was assured by Coyne that his father would be covered under the self-insured plan.

Coyne paid $160,000 to Tyree's health care providers for his medical expenses and sought reimbursement from Standard under the reinsurance policy. At this point Coyne learned that Tyree was not in fact covered under either the reinsurance contract or the self-funded plan. Both contain an "active service" requirement which Tyree failed to meet because he was not at work on the effective date of either document and never returned to work prior to his death.

Consequently, Coyne sought to recover its money from Blue Cross based on a provision of the Blue Cross plan which states:

> If the Member received Major Medical Services for a condition before his coverage ends, the Benefits of this Contract for Major Medical Services that Member receives for that condition after his coverage ends will be provided:
>
> * * *
>
> d. until the Member becomes covered under any other group coverage.

Blue Cross declined payment on the ground that Tyree was "covered" by other insurance within the meaning of the Blue Cross policy.

Coyne then brought this action claiming that Blue Cross violated its fiduciary duties by unreasonably denying Tyree benefits. Appellee sought $160,000 in damages, contending that its mistaken payments were the result of this breach of fiduciary duty. Coyne also requested specific performance of the Blue Cross policy regarding Tyree's medical bills for the period after April 1, 1991.

The magistrate judge denied Coyne any monetary recovery, but held that Tyree was covered under the Blue Cross policy and directed Blue Cross to process and pay "all claims for medical services ren-

3

dered to Herman Tyree between March 31, 1991 and the date of his death." The court also awarded Coyne attorneys' fees. Blue Cross appeals arguing that ERISA section 502(a) does not permit a fiduciary to recover benefits for a participant, that the one-year statute of limitations in the Blue Cross policy barred Coyne's suit, that Tyree was not covered under the Blue Cross plan after March 31, and that the award of attorneys' fees was improper. Finding the absence of standing on the part of Coyne to be dispositive, we do not consider Blue Cross' additional arguments.

II.

Section 502(a) provides the exclusive statement of civil actions available under ERISA to the Secretary of Labor, participants, beneficiaries, and fiduciaries. See Pilot Life Insurance Co. v. Dedeaux, 481 U.S. 41, 52 (1987). Federal jurisdiction is limited "to the suits by the entities specified in the statute." Provident Life & Accident Insurance Co. v. Waller, 906 F.2d 985, 987 (4th Cir. 1990). Congress did not, however, simply make the actions enumerated in section 502(a) generally available to all these parties. Instead, "[s]ection 502(a) specifies which persons . . . may bring actions for particular kinds of relief." Franchise Tax Board of California v. Construction Laborers Vacation Trust, 463 U.S. 1, 25 (1983). In relevant portion, section 502(a) states:

> A civil action may be brought --
>
> (1) by a participant or beneficiary --
>
> * * *
>
> (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;
>
> (2) by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title [Liability for breach of fiduciary duty];

4

(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter [Protection of Employee Benefit Rights, 29 U.S.C. §§ 1001-1169] or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

29 U.S.C. § 1132(a).

A.

Although Coyne directs our attention to sections 502(a)(2) and (a)(3), the analysis of who may recover benefits under ERISA must begin with section 502(a)(1)(B), the section which specifically provides a cause of action for benefits. Coyne's description of its claim as one for breach of Blue Cross' fiduciary duty does not alter the fact that it is seeking medical benefits which it claims are owed to Tyree. To permit the suit to proceed as a breach of fiduciary duty action would encourage parties to avoid the implications of section 502(a)(1)(B) by artful pleading; indeed every wrongful denial of benefits could be characterized as a breach of fiduciary duty under Coyne's theory.

As Coyne appears to concede, fiduciaries have no cause of action under section 502(a)(1)(B). See Provident Life , 906 F.2d at 987-88. By its terms, this provision permits only "a participant or beneficiary" to sue for benefits. The omission of fiduciaries is striking. If Congress had wanted to enable fiduciaries to recover benefits on behalf of participants and beneficiaries, it could have done so easily by including them in section 502(a)(1)(B) as it did in other provisions of section 502(a). Despite this clear expression of congressional intent, Coyne nonetheless contends that a fiduciary may bring a suit for benefits under sections 502(a)(2) and (a)(3).

B.

Section 502(a)(2), however, also offers Coyne no assistance. The Supreme Court in Russell clearly held that any recovery under section

5

502(a)(2) must be for the plan as a whole rather than for individual beneficiaries. 473 U.S. 134. The Court rejected Russell's attempt to recover damages based on allegations that Massachusetts Mutual deliberately delayed processing her benefits claim. Examining the nature of the fiduciary duties and liability imposed by ERISA, the Court concluded that only relief "for the plan itself" was available under section 502(a)(2). See id. at 144.

Here the order granted individual benefits to a single participant, perhaps the quintessential example of relief that is not available under section 502(a)(2). Such an award is impermissible as it in no sense "inures to the benefit of the plan as a whole." Id. at 140.

C.

Examination of section 502(a)(3) reinforces the conviction that Congress did not intend to authorize fiduciaries to sue for benefits. To begin with, its very language suggests that Congress did not contemplate that section 502(a)(3) would be used by plaintiffs seeking individual relief. Section 502(a)(3) speaks broadly of "any act or practice" which violates "any provision of this subchapter" or "the terms of the plan." 29 U.S.C. § 1132(a)(3). Section 502(a)(1)(B), by contrast, is explicitly directed at wrongs suffered by individual beneficiaries, referring to "benefits due to him" and "his rights under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). This contrasting language indicates that section 502(a)(3) was primarily intended to address violations affecting a plan more generally, see Romney v. Lin, 94 F.3d 74, 81 (2d Cir. 1996) (ERISA section 502(a)(3) permits recovery of delinquent plan contributions from an employer), while section 502(a)(1)(B) was to be the avenue for redressing a wrongful denial of benefits. As the Fifth Circuit put it, "Section 502(a)(3) provides for relief apart from an award of benefits due under the terms of a plan. When a beneficiary simply wants what was supposed to have been distributed under the plan, the appropriate remedy is § 502(a)(1)(B)." Corcoran v. United Healthcare, Inc., 965 F.2d 1321, 1335 (5th Cir. 1992).

Coyne, however, contends that its claim clearly fits within the terms of section 502(a)(3). It notes that the parties agree that both Coyne and Blue Cross are fiduciaries with respect to the Blue Cross

6

plan.**1** Coyne alleges that by unreasonably denying Tyree coverage, Blue Cross violated the provision of ERISA which requires fiduciaries to act "solely in the interest of the participants and beneficiaries." 29 U.S.C. § 1104. Finally, Coyne maintains that the relief granted -- specific enforcement of the Blue Cross policy -- was equitable in nature and designed to ensure compliance with the terms of the plan.

The defect in this reading of section 502(a)(3) is that it would render meaningless the omission of fiduciaries in section 502(a)(1)(B). "Absent clear congressional intent to the contrary, we will assume the legislature did not intend to pass vain or meaningless legislation." Gulf Life Insurance Co. v. Arnold, 809 F.2d 1520, 1524 (11th Cir. 1987). To accept Coyne's position, we would have to assume that the failure to mention fiduciaries was not deliberate but only an oversight. The Supreme Court, however, has warned us against presuming that omissions in section 502(a) are inadvertent: "The six carefully integrated civil enforcement provisions found in § 502(a) of the statute . . . provide strong evidence that Congress did not intend to authorize other remedies that it simply forgot to incorporate expressly." Russell, 473 U.S. at 146.

This warning is particularly relevant here, where Congress has addressed both the specific remedy at issue and the precise question of who is entitled to pursue that remedy. In fact, the inclusion of fiduciary actions in both section 502(a)(2) and section 502(a)(3) reinforces the view that their omission from section 502(a)(1) was deliberate and that Congress simply did not intend to provide fiduciaries with a cause of action for benefits.

Coyne's argument also fails to address adequately the fact that section 502(a)(3) does not provide "equitable relief" but only "appropriate equitable relief." 29 U.S.C. § 1132(a)(3) (emphasis added).

_____

**1** Although the two actions arise from the same events, this case should be distinguished from Coyne & Delany Co. v. Selman, Nos. 94-1676, 95-1380, and 95-2241, 1996 WL 614629 (4th Cir. Oct. 25, 1996). In Selman, we addressed whether Coyne was a fiduciary with regard to Coyne's self-funded plan. Here, Blue Cross concedes that Coyne was a fiduciary with respect to the Blue Cross plan.

7

Benefits cannot be "appropriate" relief for fiduciaries under section 502(a)(3) when Congress denied them that very remedy under the specific terms of section 502(a)(1)(B). If Russell's admonition means anything, it means that we are not to give with the judicial hand what Congress has failed to provide in legislation.

The Supreme Court's recent discussion of section 502(a)(3) in Varity Corp. v. Howe, 116 S. Ct. 1065 (1996), underscores our understanding of the section. It is true that the Varity Court characterized section 502(a)(3) as a "catchall" provision and found that its terms "are broad enough to cover individual relief for breach of a fiduciary obligation." Id. at 1076, 1078. Even in finding that section 502(a)(3) was a catchall provision, however, the Court stated that it provides "equitable relief for injuries caused by violations that § 502 does not elsewhere adequately remedy." Id. at 1078 (emphasis added). As the Court explained:

> We should expect that courts, in fashioning "appropriate" equitable relief, will keep in mind the "special nature and purpose of employee benefit plans," and will respect the "policy choices reflected in the inclusion of certain remedies and the exclusion of others." Pilot Life Ins. Co., 481 U.S., at 54, 107 S.Ct., at 1556. See also Russell, 473 U.S., at 147, 105 S.Ct., at 3092-3093; Mertens, 508 U.S., at 263-264, 113 S.Ct., at 2072. Thus, we should expect that where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be "appropriate."

Varity, 116 S. Ct. at 1079. Section 502 provides a remedy for the wrongful denial of benefits; it is simply one that only a participant or beneficiary such as Tyree can claim. The absence of reported cases involving benefits claims brought by fiduciaries is testimony to the adequacy of the 502(a)(1) remedy and to the inappropriateness of the action asserted here.

In awarding benefits in Varity, the Supreme Court did nothing to authorize wholesale fiduciary suits for benefits. The Varity Court noted that ERISA is intended to protect participants and beneficiaries

8

and to ensure that fiduciaries discharge their duties "solely in the interest of the participants and beneficiaries." Id. at 1078. In Varity, the plaintiffs were not fiduciaries, but former plan participants who could not sue under section 502(a)(1)(B) and could recover, if at all, only under section 502(a)(3). The Varity Court was sharply divided over whether section 502(a)(3) provided individual relief at all. See id. at 1082-84 (Thomas, J. dissenting). It is unlikely, to say the least, that the Court would adopt the far more expansive interpretation of this section pressed by Coyne.

Proscribing fiduciary suits for benefits also respects the ERISA requirement that claimants use internal procedures provided by their benefit plans before bringing an ERISA action. This exhaustion requirement is grounded in section 503, which requires ERISA bene-fit plans to provide notice and an explanation of any claim denial and to afford claimants reasonable opportunity to receive a "full and fair review" of the decision denying their claim. 29 U.S.C. § 1133. These mandatory administrative claims procedures manifest a congressional intent to "minimize the number of frivolous ERISA lawsuits; promote the consistent treatment of benefit claims; provide a nonadversarial dispute resolution process; and decrease the cost and time of claims settlement." Makar v. Health Care Corp. of Mid-Atlantic, 872 F.2d 80, 83 (4th Cir. 1989). Virtually all of the federal circuits have recog-nized the exhaustion requirement.[2] Fiduciary suits for benefits, how-ever, would bypass it. Fiduciaries cannot exhaust plan claim procedures because they cannot file a claim -- generally, only partici-pants and their health care providers have access to the necessary medical information.

---

[2] **Makar**, 872 F.2d 80; Communications Workers of America v. AT&T, 40 F.3d 426, 431-32 (D.C. Cir. 1994); Drinkwater v. Metropolitan Life Insurance Co., 846 F.2d 821 (1st Cir. 1988); Leonelli v. Pennwalt Corp., 887 F.2d 1195 (2d Cir. 1989); Weldon v. Kraft, Inc., 896 F.2d 793, 800 (3d Cir. 1990); Medina v. Anthem Life Insurance Co., 983 F.2d 29, 33 (5th Cir. 1993); Baxter v. C.A. Muer Corp., 941 F.2d 451 (6th Cir. 1991); Smith v. Blue Cross & Blue Shield United of Wisconsin, 959 F.2d 655, 658-59 (7th Cir. 1992); Horan v. Kaiser Steel Retirement Plan, 947 F.2d 1412, 1416 (9th Cir. 1991); Springer v. Wal-Mart Associates' Group Health Plan, 908 F.2d 897, 899 (11th Cir. 1990).

A final difficulty with Coyne's reading of section 502(a)(3) is the inconsistent treatment of fiduciaries that it entails. Coyne is able to assert that it seeks equitable relief only because the Blue Cross plan was a service plan, a plan under which Blue Cross paid health care providers directly for services rendered to a participant or beneficiary. A suit for benefits under such a plan is a request for equitable relief -- specific performance. Under an indemnity plan, however, a participant or beneficiary pays the provider directly for services and receives reimbursement from the plan. Even under Coyne's interpretation, the fiduciary of an indemnity plan cannot sue for benefits because such a suit would be one for money damages -- legal relief that is not available under section 502(a)(3). Mertens v. Hewitt Associates, 508 U.S. 248 (1993) (finding that "other appropriate equitable relief" does not include monetary relief). If we accept Coyne's reading of section 502(a)(3), then a fiduciary's ability to recover benefits would depend on the fortuity of the type of plan at issue.

We find no indication in section 502(a) that Congress meant to vary the remedies available to a fiduciary depending on the nature of the plan in question. On its face, section 502(a) does not draw distinctions among fiduciaries but simply uses the unadorned term "fiduciary." The definition of "fiduciary" does qualify fiduciary status -- a party generally is a fiduciary only to the extent that it provides investment advice or exercises discretionary authority in managing or administering the plan -- but this qualification does not relate to a plan's method of paying claims. 29 U.S.C. § 1002(21)(A).

III.

The text, structure, and purpose of ERISA all lead to one conclusion -- that Coyne lacked standing to bring a suit to recover benefits for Tyree. Any change in the statute will have to come from Congress, not the courts. We therefore reverse the judgment of the district court and remand with instructions to dismiss this action.

REVERSED

10