Rehearing en banc granted by order filed 11/9/00;
opinion issued 9/8/00 is vacated.

**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

INTERSTATE PETROLEUM CORPORATION,
<u>Plaintiff-Appellee,</u>

v.

ROBERT C. MORGAN, d/b/a Green

No. 97-1409

Acres Gas and Grocery; VICKIE L.
MORGAN, d/b/a Green Acres Gas
and Grocery,
<u>Defendants-Appellants.</u>

INTERSTATE PETROLEUM CORPORATION,
<u>Plaintiff-Appellant,</u>

v.

ROBERT C. MORGAN, d/b/a Green

No. 97-1481

Acres Gas and Grocery; VICKIE L.
MORGAN, d/b/a Green Acres Gas
and Grocery,
<u>Defendants-Appellees.</u>

Appeals from the United States District Court
for the Northern District of West Virginia, at Wheeling.
Frederick P. Stamp, Jr., Chief District Judge.
(CA-95-2-5)

Argued: May 5, 1998

Decided: September 8, 2000

Before WIDENER and WILKINS, Circuit Judges, and
James H. MICHAEL, Jr., Senior United States District Judge
for the Western District of Virginia, sitting by designation.

_____

Vacated and remanded with instructions. Judge Widener wrote the opinion, in which Senior Judge Michael joined. Judge Wilkins wrote a dissenting opinion.

---

**COUNSEL**

**ARGUED:** Alan Gordon McGonigal, BAILEY, RILEY, BUCH & HARMAN, L.C., Wheeling, West Virginia, for Appellants. Steven William Zoffer, DICKIE, MCCAMEY & CHILCOTE, Wheeling, West Virginia, for Appellee. **ON BRIEF:** Arch W. Riley, Sr., BAILEY, RILEY, BUCH & HARMAN, L.C., Wheeling, West Virginia, for Appellants.

---

**OPINION**

WIDENER, Circuit Judge:

This appeal arises from judgment on a jury verdict in favor of Interstate Petroleum Corporation (Interstate). Robert C. Morgan and Vickie L. Morgan appeal, asserting that the district court lacked subject matter jurisdiction over the case. In addition, the Morgans contend that Interstate's claim for money damages should not have been presented to the jury. Interstate cross-appeals the district court's denial of its motion for attorneys' fees. We are of opinion that the district court did not have subject matter jurisdiction over this case. Accordingly, its judgment is vacated and the case remanded for dismissal for that reason. We do not address the Morgans' damages argument or Interstate's cross-appeal for attorneys' fees.

I.

On April 29, 1993, Interstate and the Morgans d/b/a Green Acres Gas and Grocery entered a franchise agreement whereby Interstate, as franchisor, agreed to sell BP brand gasoline and petroleum products to the Morgans, as franchisees. The terms of the agreement also allowed the Morgans to operate their service station under the BP logo and required the Morgans to obtain a $31,500 irrevocable letter

2

of credit from which Interstate could draw amounts due and unpaid under the contract. The Morgans failed to obtain the required letter of credit, and on December 5, 1994, following a series of negotiations, Interstate notified the Morgans of its intent to terminate the franchise agreement based on their nonperformance. Then, on December 12, 1994, the Morgans signed a mutual consent to a method of termination, providing that the Morgans would deliver a $20,000 letter of credit to Interstate by January 4, 1995, and would make monthly payments to Interstate in satisfaction of an earlier note.

After the Morgans failed to comply with the termination agreement, Interstate brought suit in federal court, claiming breach of contract. Interstate's complaint claimed subject matter jurisdiction based on federal question jurisdiction, 28 U.S.C. § 1331, and the Petroleum Marketing Practices Act (Petroleum Act), 15 U.S.C.§§ 2801-2841.[1] Interstate sought injunctive relief and other relief, including damages, attorneys' fees, and costs. The Morgans then filed a motion to dismiss under Federal Rule of Civil Procedure 12(h)(3),[2] asserting that the district court lacked subject matter jurisdiction because the Petroleum Act did not authorize actions brought by a franchisor against a franchisee. The district court denied the Morgans' motion, and the case proceeded to trial. Following trial, the jury awarded Interstate $42,901.50 in damages. The Morgans then made several post-trial motions, including another motion to dismiss under Rule 12(h)(3). In their post-trial motion to dismiss, the Morgans again asserted that the district court lacked jurisdiction, but relied on a new theory. In this motion, the Morgans asserted that the district court did not have jurisdiction because Interstate's complaint did not include a request for

_____

[1] The complaint alleged only state law questions on account of the business agreements between the parties. Under Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1 (1983), arising under jurisdiction must allege "a right or immunity created by the Constitution or laws of the United States [which] must be an element, and an essential one, of the plaintiff's cause of action." 463 U.S. at 11. There is no such allegation in the complaint in this case.
[2] Federal Rule of Civil Procedure 12(h)(3) provides that: "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. Proc. 12(h)(3).

declaratory relief. The district court denied the motion to dismiss, and the Morgans appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291.

II.

In the Morgans' pre-trial motion to dismiss, they argued that the district court had no federal question jurisdiction over Interstate's suit because the Petroleum Act does not authorize a cause of action for claims brought by franchisors against franchisees. 15 U.S.C. § 2805(a).**3** On appeal, the Morgans, however wisely, seek to de-emphasize the initial jurisdictional argument and instead contend that federal courts have jurisdiction over franchisors' suits, but only if the franchisor seeks declaratory relief.

Regardless of the nature of the Morgans' argument, the Supreme Court has stated that it is the "special obligation" of appellate courts to evaluate their own subject matter jurisdiction and the jurisdiction of the district court under review. Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986). In fact, we must consider questions regarding jurisdiction whenever they are raised and even sua sponte. Plyler v. Moore, 129 F.3d 728, 731 n.6 (4th Cir. 1997), cert. denied, 524 U.S. 945 (1998). Accordingly, this case must be dismissed if we conclude that the district court lacked subject matter jurisdiction, even if for reasons other than those now emphasized by the Morgans on appeal.

Neither party contends that the facts of this case support an exercise of the court's diversity jurisdiction. Therefore, the district court had subject matter jurisdiction only if the action arose "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under the well-pleaded complaint rule, federal question jurisdiction exists only when a federal question appears on the face of plaintiff's properly pleaded complaint. Louisville & Nashville Railroad Co. v. Mottley, 211 U.S. 149, 153 (1908).

_____

**3** In relevant part, Section 2805(a) of the Petroleum Act provides: "[i]f a franchisor fails to comply with the requirements of section 2802 or 2803 of this title, the franchisee may maintain a civil action against such franchisor." 15 U.S.C. § 2805(a) (emphasis added).

4

Interstate's complaint asserts that federal question jurisdiction exists based on the Petroleum Act. 15 U.S.C. § 2801 et seq. This claim of jurisdiction is not well taken. The provision of the Petroleum Act depended on provides that "[a] franchisee may maintain a civil action against [a] franchisor." 15 U.S.C.§ 2805(a) (emphasis added). However, the Petroleum Act does not provide a similar cause of action for franchisors. Accordingly, Interstate's claims do not fall within the jurisdictional grant of the Act, and the district court had no jurisdiction over Interstate's action against the Morgans. As we recently stated in a case brought under ERISA, "[f]ederal jurisdiction is limited `to the suits by the entities specified in the statute.'" Coyne & Delany Co. v. Blue Cross & Blue Shield of Virginia, Inc., 102 F.3d 712, 714 (4th Cir. 1996) (quoting Provident Life & Accident Ins. Co. v. Waller, 906 F.2d 985, 987 (4th Cir.), cert. denied, 498 U.S. 982 (1990)) (holding that an employer could not pursue a claim for bene-fits under an ERISA health insurance plan when the statute authorized suits only by participants, beneficiaries, or fiduciaries).

Even if we were to accept Interstate's assertion that its complaint included a request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a), our conclusion that the district court should have dismissed Interstate's suit for want of jurisdiction does not change. It is well-settled law that the Declaratory Judgment Act does not create or expand the jurisdiction of district courts. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671-72 (1950). See also Concerned Citizens of Cohocton Valley, Inc. v. New York State Dep't of Envtl. Conservation, 127 F.3d 201, 206 (2d Cir. 1997) (stat-ing that the Declaratory Judgment Act "does not enlarge the jurisdic-tion of the federal courts" and that "a declaratory judgment action must therefore have an independent basis for subject matter jurisdic-tion"); Gibraltar, P.R., Inc. v. Otoki Group, Inc., 104 F.3d 616, 619 (4th Cir. 1997) (explaining that the Declaratory Judgment Act "does not provide a source of jurisdiction which is independent of substan-tive federal law") (citing Franchise Tax Board v. Construction Labor-ers Vacation Trust, 463 U.S. 1, 16-17 n.14 (1983)). Therefore, the Declaratory Judgement Act cannot be used to create jurisdiction when the federal statute at issue does not provide an independent basis for jurisdiction.

We think the Supreme Court's opinion in Franchise Tax Board is so nearly on all fours with the case at hand that it requires us to hold

5

that the district court lacked jurisdiction over Interstate's suit. In Franchise Tax Board, the California Franchise Tax Board (Board) brought suit against the Construction Laborers Vacation Trust (Trust), a trust established to administer a collective bargaining agreement granting construction workers annual paid vacation. 463 U.S. at 4. The Board sought collection of unpaid tax levies and a declaratory judgment that the Trust was obligated to honor levies imposed by the Board. 463 U.S. at 6-7. Because the Trust was an"employee welfare benefit plan," it was governed by ERISA. The Trust's agreement did not permit any assignment, pledge, or encumbrance of trust funds. Thus, the Trust claimed that ERISA preempted state law such that it had no power to honor the Board's tax levies. 463 U.S. at 6. In determining whether there was federal question jurisdiction over the Board's action, the Court acknowledged that the Board could not obtain the requested declaratory relief without the construction of federal law, ERISA, as a defense in the case. 463 U.S. at 14. However, the Court concluded that jurisdiction was lacking because the Board was not enumerated in the relevant provision of ERISA as an entity with the right to pursue a cause of action under the federal statute. 463 U.S. at 21. The Court stated that "[a] suit for similar relief by some other party does not `arise under' that provision." 463 U.S. at 27 (emphasis added). Applying this holding to the facts of the case at hand, we are of opinion that the Petroleum Act does not authorize franchisors to bring suit in federal court, and thus, federal courts are without jurisdiction over such actions as this brought by franchisors, even if brought for declaratory relief.

In its brief, Interstate points to a number of cases in which franchisors have maintained actions under the Petroleum Act. However, none of the appellate court cases cited discussed the jurisdictional issue.**4**

_____

**4** Two of the cases cited do not mention any question of jurisdiction. See Mobile Oil Corp. v. Karbowski, 879 F.2d 1052 (2d Cir. 1989); Chevron U.S.A., Inc. v. Finn, 851 F.2d 1227 (9th Cir. 1988), cert. denied, 489 U.S. 1054 (1989). The third appellate case cited, Amoco Oil Co. v. Johnstone, 856 F.2d 967, 968 n.1 (7th Cir. 1988), cert. denied, 490 U.S. 1046 (1989), states only that "[t]he district court found ample jurisdiction to hear the case under the Petroleum Marketing Practices Act, 15 U.S.C. § 2801-2841 (PMPA); the Declaratory Judgment Act, 28 U.S.C. § 2201; and by reason of diversity, 28 U.S.C. § 1332." Based on this statement, we cannot conclude that the court would have found jurisdiction without the existence of diversity.

6

Neither has there come to our attention an appellate court opinion specifically addressing the jurisdictional issue. [5] Similarly, many district courts have proceeded either without mentioning jurisdiction or when diversity jurisdiction existed. Although some district courts have addressed the jurisdictional issue, no consistent position has emerged. Compare, e.g., State Oil Co. v. Khan , 839 F. Supp. 543, 547 (N.D. Ill. 1993) (concluding that the Petroleum Act "does not confer federal question jurisdiction in the district courts unless a franchisee brings the action originally"); Winks v. Feeney Oil Co., 731 F. Supp. 322, 326-27 (C.D. Ill. 1990) (holding that there is no jurisdiction for franchisors' suits under Petroleum Act, with or without declaratory judgment claims); CIA. Petrolera Caribe, Inc. v. Isla Petroleum Corp., 671 F. Supp. 884, 885 (D.P.R. 1987) (explaining that the court lacked jurisdiction because there is no remedy for franchisors under the Petroleum Act, and thus their claims do not arise under federal law), with Texaco Refining and Marketing Inc. v. Davis, 835 F. Supp. 1223, 1231 (D. Or. 1993), affirmed, 45 F.3d 437 (9th Cir. 1994) (table), cert. denied, 514 U.S. 1127 (1995) (finding jurisdiction over a franchisor's declaratory judgment action against a franchisee); Shell Oil Co. v. Kozub, 574 F. Supp. 114, 115 (N.D. Ohio 1983) (assuming, without discussion, federal question jurisdiction in action brought by franchisor); Exxon Corp. v. Miro, 555 F. Supp. 234, 237 (C.D. Cal. 1983) (invoking without discussion jurisdiction under the Petroleum Act and 28 U.S.C. § 1331). Thus, we find nothing in the case law which would alter our conclusion on this matter.

In all events, the very question of the binding effect as to jurisdiction of the past decision of a court on the merits of the question when jurisdiction was either assumed, or stated without analysis, or was passed on sub silentio, was decided in Hagans v. Levine, 415 U.S. 528 (1974), n.5, p. 533-35 of that decision. The Court held that it had never considered itself bound in such circumstances when a subse-

_____

[5] Although not deciding the issue, the Third Circuit has acknowledged that the Petroleum Act is silent as to a franchisor's right to bring suit. See Sun Refining and Marketing Co. v. Rago, 741 F.2d 670, 671-72 & n.3 (3d Cir. 1984) (explaining that the district court originally assumed jurisdiction under the Petroleum Act, 15 U.S.C. § 2805, but subsequently allowed the franchisor to amend its complaint and assert diversity jurisdiction, "thus curing any jurisdictional defect in the original complaint").

7

quent case finally brought the jurisdictional issue before it. (Citing among other cases King Mfg. Co. v. Augusta, 277 U.S. 100, 134-35, n.21 (1928) (Justice Brandeis dissenting), and Florida Lime and Avocado Growers v. Jacobsen, 362 U.S. 73, 78 (1960) (Justice Frankfurter dissenting).) And we note that Monell v. New York City Dept. of Social Services, 436 U.S. 658, 663 (1978), is consistent with this ruling. Thus, there is no decision of a court of appeals, of which we are aware, which is contrary to our decision here, and we think that Franchise Tax Board and Coyne & Delany Co. are so nearly on all fours that they are persuasive and are dispositive of this appeal.

III.

We are thus of opinion that the district court was without subject matter jurisdiction in Interstate's action against the Morgans. Accordingly, the judgment of the district court must be vacated, and the case remanded to the district court with directions to dismiss the case without prejudice for lack of subject matter jurisdiction.

VACATED AND REMANDED WITH INSTRUCTIONS

WILKINS, Circuit Judge, dissenting:

The majority vacates the judgment in favor of Interstate Petroleum Corporation (Interstate) and against Robert C. Morgan and Vickie L. Morgan, holding that the district court lacked subject matter jurisdiction. Because the declaratory judgment defendants here, the Morgans, could have initiated a coercive action to determine the federal rights at issue, I would hold that the district court properly concluded that it possessed subject matter jurisdiction. Accordingly, I would affirm.

I.

Interstate brought this action against the Morgans, alleging that they breached a franchise agreement under which Interstate, the franchisor, was to sell gasoline and related products to the Morgans. Interstate sought damages, injunctive relief, and any other relief that the district court deemed appropriate, including an award of attorneys' fees and costs. Interstate's complaint asserted that subject mat-

8

ter jurisdiction existed based on the existence of a federal question, see 28 U.S.C.A. § 1331 (West 1993), under the Petroleum Marketing Practices Act (PMPA), see 15 U.S.C.A. §§ 2801-2841 (West 1998).[1]

The Morgans moved to dismiss the case, asserting that the district court lacked subject matter jurisdiction because the PMPA does not permit a franchisor to sue a franchisee in federal court under any circumstances. The court rejected this argument and denied the motion to dismiss. Subsequently, the Morgans moved unsuccessfully for partial dismissal of Interstate's complaint on the basis that the Declaratory Judgment Act, see 28 U.S.C.A. § 2201 (West 1994), did not permit Interstate to recover money damages. Importantly, in this motion the Morgans acknowledged that Interstate was seeking a declaratory judgment concerning whether its termination of the franchise agreement violated the PMPA. At trial, the Morgans moved for judgment as a matter of law regarding Interstate's claim for money damages, reiterating their position that while the district court properly had jurisdiction to hear the case because Interstate sought a declaration of its rights under the PMPA, Interstate was not entitled to recover damages. The district court agreed that the declaratory judgment sought by Interstate provided the basis for federal jurisdiction but denied the Morgans' motion.

A jury subsequently found that the Morgans had violated the franchise contract and awarded Interstate damages of $42,901.50. The Morgans again moved for judgment as a matter of law on the basis of lack of subject matter jurisdiction, alleging for the first time that Interstate's complaint did not seek a declaratory judgment. Finding that this allegation conflicted with the Morgans' repeated recognition of the existence of the declaratory judgment action, the district court denied the motion. The district court also denied a motion by Inter-

_____

[1] As is pertinent here, the PMPA specifies the conditions under which a franchisor may terminate or refuse to renew a franchise agreement and provides the franchisee with a private cause of action for violations of the Act. See 15 U.S.C.A. §§ 2804-2805. The primary purpose of the PMPA "is to protect petroleum franchisees from arbitrary or discriminatory terminations and nonrenewals." Mobil Oil Corp. v. Virginia Gasoline Marketers & Automotive Repair Ass'n, Inc., 34 F.3d 220, 223 (4th Cir. 1994).

9

state for reconsideration of an earlier ruling denying Interstate the right to recover attorneys' fees under the PMPA.

II.

The Morgans argue that the district court lacked jurisdiction to hear this action because Interstate could establish federal question jurisdiction under the PMPA only by asserting a claim for declaratory relief and no such claim was ever asserted. I disagree. Notwithstanding Interstate's failure to specifically request declaratory relief of the Morgans' rights under the PMPA in its complaint, it is abundantly clear from the record that both parties recognized that Interstate's entitlement to such relief was an issue before the court, and accordingly that the complaint had been constructively amended.**2** See Fed. R. Civ. P. 15(b) ("When issues not raised by the pleadings are tried by express . . . consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings.").

Having determined that the case at bar included a request by Interstate for the adjudication of the Morgans' rights against Interstate under the PMPA, the only question remaining is whether the district court had jurisdiction over such an action. The district court correctly determined that it did. Section 1331 of Title 28 provides, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C.A. § 1331. When federal law creates the cause of action, the action "arises under" federal law. See Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 808 (1986).

_____

**2** For example, the Morgans' memorandum in support of their motion for partial dismissal stated that "in this case where there is a complaint to construe a party's rights under a federal statute, i.e., [the PMPA], there is jurisdiction for declaratory judgment under 28 U.S.C. § 1331 because the declaration of rights under the federal statute is involved in the Declaratory Judgment sought by the plaintiff." J.A. 61 (internal quotation marks & emphasis omitted). Moreover, in arguing their motion for judgment as a matter of law during the trial, the Morgans' counsel further stated, "[T]here is no question in my mind that the Declaratory Judgment Act . . . allows the construction of a federal statute, which the [PMPA] is; so as far as termination [of the contract] is concerned, the plaintiff was properly before this Court." J.A. 30-31.

10

When declaratory relief is sought, the jurisdictional inquiry is complicated somewhat. Although the Declaratory Judgment Act does not broaden federal jurisdiction, see Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950), it does "allow parties to precipitate suits that otherwise might need to wait for the declaratory relief defendant to bring a coercive action," Gulf States Paper Corp. v. Ingram, 811 F.2d 1464, 1467 (11th Cir. 1987); see Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 19 & n.19 (1983). That the federal right actually litigated when declaratory relief is sought may belong to the declaratory judgment defendant rather than the declaratory judgment plaintiff does not change the fact that the action arises under federal law. See Lowe v. Ingalls Shipbuilding, a Div. of Litton Sys., Inc., 723 F.2d 1173, 1179 (5th Cir. 1984). See also Ingram, 811 F.2d at 1467 (explaining that the declaratory judgment remedy "allows a party to bootstrap its way into federal court" (internal quotation marks omitted)). Accordingly, "[a] person may seek declaratory relief in federal court if the one against whom he brings his action could have asserted his own rights there." Standard Ins. Co. v. Saklad, 127 F.3d 1179, 1181 (9th Cir. 1997); see, e.g., Public Serv. Comm'n v. Wycoff Co., 344 U.S. 237, 248 (1952) (explaining that "[w]here the complaint in an action for declaratory judgment seeks in essence to assert a defense to an impending or threatened . . . action, it is the character of the threatened action . . . which will determine whether there is federal question jurisdiction"); TTEA v. Ysleta del Sur Pueblo, 181 F.3d 676, 681 (5th Cir. 1999) (holding that to establish an independent basis for jurisdiction, a declaratory judgment plaintiff "may show that there would be jurisdiction over a claim against it"); 12 James Wm. Moore et al., Moore's Federal Practice § 57.21[2], at 57-34 (3d ed. 2000) (describing the appropriate inquiry as "whether the issue of federal law would have appeared on the face of a hypothetical complaint seeking affirmative relief filed by the defendant in the declaratory judgment action"); 10B Charles Alan Wright et al., Federal Practice and Procedure § 2767, at 650-51 (1998) (explaining that if the declaratory judgment defendant could bring a coercive action under a federal statute, the federal court has subject matter jurisdiction over the plaintiff's declaratory judgment action).

Here, it is undisputed that the district court would have had jurisdiction over an action initiated by the Morgans to enforce their rights

under the PMPA. Accordingly, it follows that the district court also had jurisdiction to hear an action seeking a declaration that Interstate did not violate the Morgans' rights under the PMPA. See Franchise Tax Bd., 463 U.S. at 19 & n.19; Standard Ins. Co., 127 F.3d at 1181.

The majority concludes that the district court had no jurisdiction over Interstate's declaratory judgment action, reasoning that Interstate had no right of action under the PMPA and the Declaratory Judgment Act does not enlarge federal court jurisdiction. See ante, at 5. For the reasons already discussed, this conclusion is squarely at odds with federal jurisdictional principles relating to the Declaratory Judgment Act.

The majority also asserts that Franchise Tax Board dictates that the district court lacked jurisdiction here. I disagree. In Franchise Tax Board, the California Franchise Tax Board (Board) filed a complaint in state court against the Construction Laborers Vacation Trust (Trust), a trust established to administer a collective-bargaining agreement granting annual paid leave to construction workers. See Franchise Tax Bd., 463 U.S. at 4-5. The Board's complaint sought collection of unpaid tax levies as well as a state-law declaratory judgment that the Trust must honor the Board's levies. See id. at 6-7. The Trust was governed by the Employee Retirement Income Security Act (ERISA) of 1974, see 29 U.S.C.A. §§ 1001-1461 (West 1999 & Supp. 2000), because it was an "employee welfare benefit plan." See Federal Tax Board, 463 U.S. at 5. The Trust claimed that ERISA pre-empted state law, depriving the Trust of authority to honor the Board's tax levies. See id. at 6. The Trust removed the case to federal court, and the district court denied the Board's motion to remand back to state court. See id. at 7.

In analyzing whether removal was proper, the Court began by holding that to support federal jurisdiction in a state-law declaratory judgment action, a federal question must appear on the face of the well-pleaded complaint. See id. at 16-18. The Court then observed with approval that federal courts "have regularly taken original jurisdiction over declaratory judgment suits in which, if the declaratory judgment defendant brought a coercive action to enforce its rights, that suit would necessarily present a federal question." Id. at 19. The Court assumed without deciding that the Trust could have sought to

12

adjudicate the issue of whether the state regulations were preempted by bringing a coercive action under ERISA seeking to enjoin application of the regulations. See id. at 20 & n.21. The Court, however, also observed that it interprets federal court jurisdictional statutes "with an eye to practicality and necessity" and that "[t]here are good reasons why federal courts should not entertain suits by the States to declare the validity of their regulations despite possibly conflicting federal law." Id. at 20-21. In particular, the Court noted that states have a variety of methods by which they may enforce their own laws in state courts and are therefore not significantly prejudiced by the unavailability of the federal court forum. See id. at 21. The Court explained that "[t]he situation presented by a State's suit for a declaration of the validity of state law is sufficiently removed from the spirit of necessity and careful limitation of district court jurisdiction" that informed prior Court decisions. Id. at 21-22. The Court therefore held that such suits are not within the original jurisdiction of the district courts. See id. at 19-22.

In addition to examining whether federal court jurisdiction could exist if the declaratory judgment defendant, the Trust, could have adjudicated the preemption issue in federal court in a coercive action, the Court also considered whether jurisdiction existed because the Board's causes of action for enforcement of the tax levy and for a declaration of its rights were, "in substance," federal claims. Id. at 22; see id. at 22-27. As is relevant here, the Court held that, although resolution of the declaratory judgment action would have required the adjudication of ERISA issues, the action could not properly be considered an ERISA claim "in substance" because only a participant, beneficiary, or fiduciary could sue under ERISA and the Board was not one of the enumerated parties. See id. at 25-27. Having rejected both possible bases for federal jurisdiction, the Court held that removal was improper. See id. at 28.

I strongly disagree with the conclusion of the majority that Franchise Tax Board is "nearly on all fours" with the present case, and that it mandates a determination of no jurisdiction here. Ante, at 5-6. Indeed, it is apparent that the holding in Franchise Tax Board was decided on the narrow basis that district courts do not have original jurisdiction over suits brought by a state for a declaration that federal law does not preempt its regulations. See Franchise Tax Bd., 463 U.S.

13

at 19-22; see TTEA, 181 F.3d at 681-82 (explaining that Franchise Tax Board was decided on the narrow ground that there is no federal jurisdiction over a suit brought by a state for a declaration that federal law did not preempt its regulations and concluding that the Franchise Tax Board Court approved of the general rule that a party can seek declaratory relief in federal court if the declaratory judgment defendant could have asserted his own rights there). The declaratory judgment plaintiff in the present case is not a state seeking a declaration that its own regulations are valid, and therefore the narrow holding of Franchise Tax Board does not control here.

In defending its determination of no jurisdiction, the majority also relies on the discussion in Franchise Tax Board concluding that the Board's declaratory judgment action was not "in substance" an ERISA action, and therefore could not be said to arise under federal law in that manner. See ante, at 6 ("The Court stated that `[a] suit for similar relief by some other party does not "arise under" that provision.' 463 U.S. at 27."). To the extent that the majority concludes that Interstate's declaratory judgment action is not "in substance" a PMPA action, and therefore does not arise under federal law in that manner, I most certainly agree. That question is wholly separate, however, from the question of whether the declaratory judgment action arises under federal law because the Morgans' coercive PMPA action against Interstate would have arisen under federal law. Compare Franchise Tax Bd., 463 U.S. at 19-22, with id. at 22-27.

Finally, I would note that the Morgans maintain that because the PMPA provides a remedy of money damages only for franchisees and because the PMPA is the sole basis for federal jurisdiction, the district court erred in allowing the jury to consider Interstate's damages claim. I disagree. Once the court had jurisdiction over the question of whether Interstate violated the PMPA in terminating the contract, it gained supplemental jurisdiction over Interstate's state-law claim for breach of contract. See 28 U.S.C.A. § 1367(a) (West 1993). Accordingly, I would affirm the judgment in Interstate's favor.

In sum, because the Morgans could have sued Interstate in federal court alleging that Interstate violated the PMPA, I would hold that the district court correctly determined that it had jurisdiction over Inter-

14

state's action for a declaration that it did not violate the PMPA, and would affirm the judgment of the district court. **3**

_____

**3** The district court ruled that Interstate could not recover attorneys' fees under the PMPA, and Interstate argues in its cross-appeal that the district court erred in this ruling. I would find no error. A successful party in a declaratory judgment action may recover attorneys' fees only when the fees "are recoverable under non-declaratory judgment circumstances," such as when the substantive law permits an award of attorneys' fees. Mercantile Nat'l Bank v. Bradford Trust Co., 850 F.2d 215, 216 (5th Cir. 1988). Under the PMPA, a franchisor is entitled to attorneys' fees only when a frivolous action is brought against it. See 15 U.S.C.A. § 2805(d)(3). Because Interstate filed this action, I would hold that it is not entitled to recover attorneys' fees.

15