**Mary Ellen HOYLE, Plaintiff,**

v.

**LIBERTY LIFE ASSURANCE COMPANY OF BOSTON INCORPORATED, BTR, Inc., and Invensys Systems, Inc., Defendants.**

No. 1:03CV106.

United States District Court,
W.D. North Carolina,
Asheville Division.

Oct. 30, 2003.

Michael J. Bednarik, Charlotte, NC, for Plaintiff.

Susan Pyle Dion, Bruce M. Steen, McGuireWoods, LLP, Charlotte, NC, for Defendants.

## MEMORANDUM OF DECISION

COGBURN, United States Magistrate Judge.

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss Plaintiff's Claim for Breach of Fiduciary Duty. Hav-

ing considered the pleadings, the parties' briefs, and the applicable law, the undersigned will grant Defendants' motion.

## FACTUAL AND PROCEDURAL BACKGROUND

This action was filed on May 5, 2003 by Plaintiff Mary Ellen Hoyle against Liberty Life Assurance Company of Boston, Inc., BTR, Inc., and Fasco Controls Corporation ("Fasco").[1] In the Complaint, Plaintiff asserts that the purpose of her action is "to secure short term disability benefits to which she is entitled" under the employee benefit plan ("the Plan") of which she was a beneficiary by virtue of her employment with Fasco. (Compl. at 1–2). Specifically, Plaintiff asserts two causes of action under Section 502 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132. First, Plaintiff asserts a cause of action for the wrongful denial of benefits under § 502 of ERISA, in which she asserts that she is totally and permanently disabled and was wrongfully denied short-term disability ("STD") benefits under the Plan. (Compl.¶ 18). Second, Plaintiff asserts a cause of action for breach of fiduciary duty owed to Plaintiff based on the wrongful denial of her STD benefits. (Compl.¶¶ 19–29). This second cause of action is entitled, "Second Claim for Relief [——] Wrongful Denial of Benefits under ERISA and Breach of Fiduciary Duty." (Compl. at 6). Under this cause of action, Plaintiff alleges that Defendants failed to provide her with a fair and impartial administrative review process; failed to give adequate notice in writing to Plaintiff of their

1. In their motion to dismiss, Defendants assert that Plaintiff erroneously identified Fasco Controls Corporation, which does business as Invensys Sensor Systems, as Invensys Systems, Inc., in the Complaint. Plaintiff does not respond to this assertion, but as the prop-

er name of the defendant is not material for purposes of Defendants' motion, the Court will assume that Defendants are correct and that the appropriate defendant, but for a mistake of identity, is Fasco Controls Corporation.

denial of her claim for benefits, including their reasons; and failed to provide Plaintiff and other beneficiaries a reasonable opportunity to challenge the denial or termination of benefits by submitting additional medical information. (Compl.¶¶ 21–29). Plaintiff alleges, finally, under this cause of action, that "[a]s a result of Defendants' wrongful refusal and failure to allow STD benefits, Plaintiff has been denied the opportunity to be properly considered for and to obtain [long-term disability] benefits through Life Insurance Company of North America." (Compl.¶ 29). As compensation for Defendants' alleged breaches of § 502 of ERISA, Plaintiff requests "declaratory and injunctive relief, finding that [Plaintiff] is entitled to STD benefits ... and that Defendants be ordered to pay STD benefits" and an "order awarding Plaintiff all reasonable attorney fees and expenses incurred as a result of Defendants' wrongful denial [of] coverage." (Compl. at 8).

Defendants thereafter filed their Answer and a motion to dismiss, in which they seek to have this Court dismiss Plaintiff's second cause of action for breach of fiduciary duty. Plaintiff filed a brief in response to Defendants' motion, to which Defendants filed a reply.

## MOTION TO DISMISS STANDARD

Under Rule 12(b)(6), a complaint should not be dismissed for failure to state a claim upon which relief can be granted unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984); *see also Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). In evaluating a motion to dismiss, "a court must accept the factual allegations of the complaint as true," *GE Investment Private*

*Placement Partners II v. Parker*, 247 F.3d 543, 548 (4th Cir.2001), and all reasonable inferences from the facts alleged must be drawn in the plaintiff's favor, *see Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir.1999). Notwithstanding this exacting standard, dismissals should be granted when warranted. As recognized by the Supreme Court in *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), the Rule 12(b)(6) procedure for early dismissal "streamlines litigation by dispensing with needless discovery and fact finding." *Id.*, 490 U.S. at 326–27, 109 S.Ct. at 1832. Accordingly, "[n]othing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable." *Id.*, 490 U.S. at 327, 109 S.Ct. at 1832.

## DISCUSSION

In their motion, Defendants argue that Plaintiff may not maintain a cause of action for breach of fiduciary duty under § 502 of ERISA because her action is one for benefits and any relief under the breach of fiduciary duty provision of § 502 is foreclosed by the availability of an action for benefits. The Court agrees.

Section 502 of ERISA is its civil enforcement mechanism and provides for a number of different types of civil actions that may be brought by persons or entities seeking to enforce ERISA's terms. Two provisions of § 502 are relevant to Defendants' motion. First, § 502(a)(1)(B) provides that a participant or beneficiary may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Second, § 502(a)(3) provides that a participant, beneficiary, or fiduciary may bring an action "to enjoin any act or practice which violates any provision of this title or the

terms of the plan or ... to obtain other appropriate equitable relief ... to redress such violations or ... to enforce any provisions of this title or the terms of the plan." *Id.* § 1132(a)(3).

■ In interpreting § 502(a)(3), providing a cause of action for breach of fiduciary duty, the Supreme Court has held that while this provision encompasses a claim for "individual relief for breach of a fiduciary obligation," the structure of § 502 makes clear that subsection (a)(3) is intended to function as a "safety net, offering appropriate equitable relief for injuries caused by violations that § 502 does not elsewhere adequately remedy." *Varity Corp. v. Howe,* 516 U.S. 489, 510, 512, 116 S.Ct. 1065, 1076, 1078, 134 L.Ed.2d 130 (1996). Where, therefore, a plaintiff seeks a remedy for the wrongful denial of benefits under ERISA, § 502(a)(1)(B) provides that remedy, and she may not pursue a claim for breach of fiduciary duty under § 502(a)(3) related to the alleged wrongful denial of benefits, either in addition to a claim for benefits or as her sole remedy. *See Griggs v. E.I. DuPont de Nemours & Co.,* 237 F.3d 371, 385 (4th Cir.2001) (relief is not "appropriate" equitable relief for purposes of § 502(a)(3) if Congress elsewhere provided adequate relief for beneficiary's injury and there is no need for further equitable relief); *Tolson v. Avondale Indus., Inc.,* 141 F.3d 604, 610 (5th Cir.1998) (affirming summary judgment as to breach of fiduciary duty claim where plaintiff had adequate relief for denial of benefits through § 502(a)(1)(B) claim for benefits and calling differences between two claims asserted by plaintiff to be "distinctions ... without differences"); *Wald v. Southwestern Bell Corp. Customcare Med. Plan,* 83 F.3d 1002, 1006 (8th Cir. 1996) (finding no abuse of discretion in denial of motion to amend complaint to add breach of fiduciary claim where relief for denial of benefits was adequate under § 502(a)(1)(B) claim and no different relief was requested, rendering equitable relief inappropriate); *Blair v. Young Phillips Corp.,* 235 F.Supp.2d 465, 471 (M.D.N.C. 2002) (where plaintiff is provided adequate relief by the right to bring a claim for benefits under § 502(a)(1)(B), plaintiff does not have cause of action to seek same remedy in breach of fiduciary duty claim under § 502(a)(3), even where plaintiff claims she is requesting other kinds of injunctive relief); *Kopicki v. Fitzgerald Auto. Family Employee Benefits Plan,* 121 F.Supp.2d 467, 484 (D.Md.2000) (granting judgment on the pleadings as to plaintiffs' breach of fiduciary duty claim where plaintiffs' allegations of breach of fiduciary duty contested handling of individualized claim, rather than injury to plan as a whole and where § 502(a)(1)(B) provided adequate relief); *see also Coyne & Delany Co. v. Blue Cross & Blue Shield of Va., Inc.,* 102 F.3d 712, 714 (4th Cir.1996) (to permit suit for breach of fiduciary duty where claim is one for benefits encourages "parties to avoid the implications of section 502(a)(1)(B) by artful pleading").

■ In this case, it is clear from her Complaint that the gravamen of Plaintiff's action against Defendants is the alleged wrongful denial of STD benefits. While she asserts in her cause of action for breach of fiduciary duty that Defendants failed provide her and other beneficiaries a reasonable opportunity to challenge the denial or termination of benefits and that the denial of STD benefits denied her the opportunity to obtain long-term disability benefits, in her claim for relief, she seeks only STD benefits and a declaration that she is entitled to STD benefits, and she states at the beginning of her Complaint that the purpose of her action is "to secure [STD] benefits to which she is entitled." (Compl. at 1). Additionally, she entitles

her second claim for relief as one for the wrongful denial of benefits and breach of fiduciary duty. As the authority set forth above makes clear, a claim for benefits may be pursued only under § 502(a)(1)(B), unless that provision does not provide an adequate remedy. Here, both claims assert entitlement to the same set of disability benefits, and full and complete relief for the denial of those benefits, if improper, may be obtained through Plaintiff's first cause of action. Accordingly, Defendants' motion to dismiss Plaintiff's breach of fiduciary duty claim is due to be granted.

### ORDER

For the foregoing reasons, **IS, THEREFORE, ORDERED** that Defendants' Motion to Dismiss Breach of Fiduciary Duty Claim is **GRANTED** and that Plaintiff's Second Claim for Relief is **DISMISSED WITH PREJUDICE**.